◼  RENSSELAER POLYTECHNIC INSTITUTE, Respondent, v. MACHNICK CONSTRUCTION Co., INC., et al., Appellants.— Defendants appeal from an order of the Supreme Court which granted plaintiff's motion to vacate a notice of examination of Gibbs & Hill, Inc., and E. W. Legier, project engineer, and denied the cross motion of defendants for an order to take the deposition of E. W. Legier, project engineer associated with Gibbs & Hill, Inc., as a witness, and for the production of certain records. Defendant Machnick Construction Co., Inc., was the successful bidder for the erection of certain buildings and facilities upon plaintiff's premises to accommodate a linear electron accelerator. The contract was completed and this action was brought to recover damages alleging that the work performed and the materials furnished were

not "in conformance to the contract and to the specifications and drawings thereof". Defendant Machnick asserts in substance that if there was any defective construction the defect was in the plans and specifications. Gibbs & Hill, Inc., is a firm of consulting engineers, designers and contractors. Through E. W. Legier, its project engineer, Gibbs & Hill, Inc., prepared all of the specifications, drawings and plans for the project which is the subject of this litigation, personally supervised the construction and had complete charge thereof. Defendants sought to examine Gibbs & Hill, Inc., and E. W. Legier as employees of the plaintiff. In moving to vacate the notice of examination plaintiff merely asserts conclusory statements that Gibbs & Hill, Inc., and Legier were never employees of plaintiff, but that Gibbs & Hill, Inc., was an independent contractor. The court at Special Term vacated the notice and denied defendants' cross motion on the ground it was premature and that the plaintiff should be examined first. We think the court at Special Term improvidently exercised its discretion. Nowhere in the moving papers does it appear that the plaintiff has knowledge of the information sought or that it could furnish such information. It appears without dispute that Gibbs & Hill, Inc., had such complete charge and control of this project and complete knowledge of the facts upon which the issues in this case will turn, that the ultimate examination of its record and employee is inevitable. We see no reason for taking a circuitous route to obtain the information. The moving papers clearly establish that the testimony of E. W. Legier is material and necessary, and that he resides more than 100 miles from the place of trial. The special circumstances of this case, briefly alluded to above, entitled the defendants to the relief sought. Order reversed on the law and the facts, and in the exercise of discretion, and the cross motion of the defendants granted, with $10 costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.