■ ARENA CONSTRUCTION COMPANY, INC., Respondent, v TOWN OF HARRISON, Appellant. — In an action to recover damages for breach of contract, the appeals are from two orders of the Supreme Court, Westchester County, both entered June 23, 1980, which (1) denied the defendant's motion to dismiss the amended complaint and (2) directed the defendant to appear for a pretrial examination by its former architect. Order denying dismissal of the amended complaint affirmed, without costs or disbursements. Order directing defendant to appear at the pretrial examination by its former architect reversed, without costs or disbursements, the branch of plaintiff's motion which seeks leave to take the pretrial deposition of the architect, Lothrop Associates, by Arthur Clements, is granted and the motion is otherwise denied. The defendant should not have been compelled to appear by its former architect, since the contractual relationship between them terminated in 1977. In view of the special circumstances present in this case, Special Term should have granted the alternative relief requested by the plaintiff and granted leave to examine the architect as a witness pursuant to CPLR 3101 (subd [a], par [4]) (see *Rensselaer Polytechnic Inst. v Machnick Constr. Co.,* 19 AD2d 677). Hopkins, J.P., Lazer, Gibbons and Cohalan, JJ., concur.

■ MURRAY ARONOFSKY, Respondent, v MARINE PARK CHIROPRACTIC CENTER et al., Appellants. — In a chiropractic malpractice action, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated March 14, 1980, as (1) denied their motion to dismiss the complaint for failure to comply with a prior order directing that plaintiff serve a further bill of particulars, and (2) directed the defendants to appear for further examination before trial and to answer all questions subject to certain qualifications. Appeal from so much of the order as directed the defendants to appear for further examinations before trial dismissed. Order, insofar as it denied defendants' motion to dismiss the complaint, affirmed. Plaintiff is awarded one bill of $50 costs and disbursements. No appeal as of right lies from an order directing a party to answer questions propounded at an examination before trial (see *Rockwood Nat. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573). Were we to treat defendants' brief as an application for leave to appeal pursuant to CPLR 5701 (subd [c]) we would nonetheless deny the application as no important questions of privilege are involved. Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.