■ EFDEY ELECTRICAL CONTRACTORS, INC., Respondent, v ANTHONY MELITA, Individually and Doing Business as MELITA ELECTRIC, et al., Defendants and Third-Party Plaintiffs-Appellants. CONSOLIDATED LAUNDRIES, INC., et al., Third-Party Defendants-Respondents.—In an action to recover for work done pursuant to a subcontracting agreement, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Hentel, J), dated October 17, 1988, as denied their application for a protective order and directed the defendant third-party plaintiff Anthony Melita to

submit to a single examination before trial for questioning in his individual capacity, in his capacity as a partner in the defendant third-party plaintiff partnership, and in his capacity as a principal of the corporate defendant third-party plaintiff.

Ordered that the appeal is dismissed, with costs to the third-party defendants-respondents, and the third-party plaintiff Anthony Melita's time to submit to an examination before trial is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

Anthony Melita appeared as a witness at an examination before trial in his individual capacity, and as a representative of the two other defendants third-party plaintiffs, a partnership and a corporation bearing his name. When he refused to be questioned in a single examination before trial, a ruling was obtained directing him to do so. The defendants third-party plaintiffs then unsuccessfully sought a protective order setting aside that ruling. This appeal ensued.

It is clear that an order made upon an application to review objections raised at an examination before trial is not appealable as of right (see, Scott v Vassar Bros. Hosp., 133 AD2d 76; Ewell v Moore, 133 AD2d 67; Sainz v New York City Health & Hosps. Corp., 106 AD2d 500; Roberts v Modica, 102 AD2d 886; Aronofsky v Marine Park Chiropractic Center, 81 AD2d 570; Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co., 59 AD2d 573). Had an application for leave to appeal been made in this case, under the circumstances, we would not have granted it (Scott v Vassar Bros. Hosp., supra; Sainz v New York City Health & Hosps. Corp., supra). Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.