■ MARGARET SCHWARTZ, as Executrix of GIRARD A. DIETRICH, Deceased, Respondent, v. ROBERT H. MARIEN et al., Appellants.— Orders unanimously reversed, with costs, and defendants' cross motion granted. Memorandum: Plaintiff obtained an order pursuant to CPLR 3126 striking the answer of the defendants on the ground that they willfully refused to obey an order directing them to submit to an oral examination before trial and denying defendants' cross motion for an order directing plaintiff to answer questions asked of her at an oral examination. The court subsequently denied an application for a reargument of the order, directed the defendants to appear for an oral examination and further ordered that, if defendants failed to submit to such examination, their answer should be stricken without further notice and plaintiff would be entitled to a default judgment. Defendants' attorney had refused to produce the defendants for examination because the plaintiff would not answer questions on her examination which defendants' attorney considered necessary and material to the defense of the action. The plaintiff alleges a conspiracy on the part of defendants to purchase stock of a corporation of which they were directors without giving him the same right to purchase shares. At the examination of plaintiff, defendants' counsel asked if she had any facts of her own personal knowledge of a plan or conspiracy among the defendants to issue stock to themselves. Plaintiff's counsel objected on the ground that the question called for a legal conclusion and directed plaintiff not to answer. Plaintiff's counsel objected on the same ground and directed her not to answer whether she knew of facts relating to any plan or conspiracy by any of the defendants to vote any additional shares of stock of the corporation. Plaintiff, on advice of her counsel, refused to answer these questions, or to answer questions concerning what fraudulent conspiratorial acts were complained of on the part of the defendants. These questions did not call for legal conclusions but were inquiries concerning facts and plaintiff should answer them. " Law is a principle; fact is an event." (Black's Law Dictionary [4th ed.], p. 706.) Plaintiff claims laches by the defendants in that they delayed inordinately before moving to compel her to answer. However, laches will not bar a remedy without some showing of surprise or prejudice to the party seeking such estoppel (Marcus v. Mamaroneck, 283 N. Y. 325). (Appeal from orders of Erie Special Term, denying motion to resettle order for examination before trial.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ.

■ In the Matter of JAMES REID, Petitioner, v. CHARLES GREENBERG, as Director of Rome State School, Respondent.— Determination unanimously confirmed, without costs. (See Matter of Blackmon v. Feinstein, 39 A D 2d 642.) (Review of determination dismissing petitioner, transferred by order of Oneida Special Term.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.