■ DUANE G. ROGGOW et al., Plaintiffs, and SHARLEE D. ROGGOW, Respondent, v ROGER C. WALKER, Appellant, et al., Defendant. [757 NYS2d 410] —Appeal from an order of Supreme Court, Niagara County (Sconiers, J.), entered April 16, 2002, which granted in part plaintiffs' motion to compel defendant Roger C. Walker to appear for completion of his examination before trial and further directing him to respond to questions concerning professional disciplinary charges.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: The order granting that part of the motion of plaintiffs to compel defendant Roger C. Walker to appear for completion of his examination before trial and further directing him to respond to questions concerning professional disciplinary charges is not appealable as of right (*see Aronofsky v Marine Park Chiropractic Ctr.*, 81 AD2d 570 [1981]; *Presti v*

*Schalck*, 26 AD2d 793 [1966]). In the exercise of our discretion, however, we treat the notice of appeal as an application for permission to appeal and grant such permission (*see* CPLR 5701 [c]; *Crow-Crimmins-Wolff & Munier v County of Westchester*, 126 AD2d 696, 696-697 [1987]).

Supreme Court properly granted plaintiffs' motion in part. "[U]nless a question is clearly violative of a witness'[s] constitutional rights, or of some privilege recognized in law, or is palpably irrelevant, questions [at an examination before trial] should be freely permitted and answered, since all objections other than those as to form are preserved for the trial and may be raised at that time" (*Dibble v Consolidated Rail Corp.*, 181 AD2d 1040, 1040 [1992] [internal quotation marks omitted]). Walker does not contend that the questions at issue violate his constitutional rights or any recognized privilege, and we reject his contention that the questions are palpably irrelevant. Rather, we agree with plaintiff Sharlee D. Roggow that the questions are relevant to Walker's credibility (*see Robinson v Meca*, 214 AD2d 246, 249 [1995]) and her claims of negligent hiring and supervision against defendant Inter-Community Memorial Hospital of Newfane, Inc. (*see Bryant v Bui*, 265 AD2d 848, 849 [1999]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.