■ ROBERT M. BROWN et al., Respondents, v HOME DEPOT, U.S.A., Doing Business as HOME DEPOT, Appellant. [758 NYS2d 378] —In an action to recover damages for personal injuries, etc., the defendant appeals, by permission, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated September 11, 2002, as granted the plaintiffs' motion for a further deposition of a witness to the extent of directing the production of a witness familiar with stacking procedures and design at the subject premises.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The plaintiff Robert Brown allegedly was injured when a safety beam from a shelving unit became detached and struck him while he was attempting to remove a ladder from a shelf at a Home Depot store in Valley Stream. He and his wife subsequently commenced this action against Home Depot, U.S.A., Inc., the owner of the store. A current employee who had been the assistant manager of the Valley Stream store at the time of the accident was produced by the defendant for deposition. At the deposition, the witness described how shelves were constructed and maintained, and how ladders were shelved and displayed. The defendant objected to certain questions regarding accidents involving merchandise falling on customers and questions about the defendant's "Service Performance Improvement" (hereinafter SPI) program, a customer service and sales initiative program which banned the stocking of shelves and use of forklifts during store hours so that sales associates could devote more time to customers and aisles would remain free. A judge ruled that those questions were improper.

The plaintiffs then moved for a further deposition of the defendant by a witness familiar with its national merchandise stacking policies. The Supreme Court granted the motion only to the extent of directing the defendant "to produce a witness familiar with [its] stacking procedures and design at the subject premises." The court reasoned that, although the defendant had produced a knowledgeable witness, it had objected to questions about the stacking of merchandise and received a favorable ruling from another Judge. Since the court concluded that questions regarding the stacking of merchandise were material and relevant and that the witness did not answer such questions, it directed a further deposition. We reverse.

The defendant produced a witness who was knowledgeable about stacking procedures at the Valley Stream store and who testified regarding the display and shelving of ladders. Contrary to the Supreme Court's conclusion, the plaintiffs were not precluded from inquiring about the stacking procedures at the Valley Stream store. The defendant did not object to such questions. Rather, it objected to questions about accidents involving falling merchandise and the SPI program, matters which are not relevant to this case. Since the witness produced by the defendant had sufficient knowledge and the information he provided was not shown to be inadequate, the plaintiffs did not demonstrate their entitlement to an additional deposition (*see EIFS, Inc. v Morie Co.,* 298 AD2d 548 [2002]; *Pisano v Door Control,* 268 AD2d 416 [2000]).

We note that, contrary to the plaintiffs' contention, the Supreme Court did not rule that merchandise stacking policies of the entire defendant corporation, if any, are relevant. Consequently, we do not reach that issue. The court's ruling was limited to the production of a witness familiar with stacking procedures and design at the Valley Stream store. Altman, J.P., Smith, Cozier and Rivera, JJ., concur.