■ Michael Barber, Appellant, v BPS Venture, Inc., Doing Business as Broadway Joe's, Respondent, et al., Defendants. (And a Third-Party Action.) [819 NYS2d 329]—

Carpinello, J. Appeal from an order of the Supreme Court (McNamara, J.), entered December 5, 2005 in Albany County, which denied plaintiff's motion to compel discovery.

This action arises out of a slip and fall accident which occurred in the entranceway of a restaurant operated by defendant BPS Venture, Inc. (hereinafter defendant). At the deposition of defendant's general manager, defense counsel refused to allow the witness to answer those questions which primarily called for legal conclusions. Plaintiff then sought to compel a further deposition of this witness and for defendant to provide employment records which defendant claimed do not exist. Supreme Court denied the application in its entirety and this appeal ensued.

In conducting depositions, questions should be freely permitted "unless a question is clearly violative of a witness' constitutional rights, or of some privilege recognized in law, or is palpably irrelevant" (*Watson v State of New York*, 53 AD2d 798, 799 [1976]). A review of the entire deposition transcript reveals that defense counsel freely permitted the witness to answer any and all fact-based questions relating to his knowledge of the condition of the premises on the day in question. The questions which counsel refused to permit the witness to answer largely related to his understanding of the parties' ultimate legal contentions and were thus palpably improper (*see Lobdell v South Buffalo Ry. Co.*, 159 AD2d 958 [1990]). We similarly find no error in Supreme Court's determination denying an order to compel the production of documents not in the possession, custody or control of defendant (*see* CPLR 3120 [1] [i]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.