# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

470

CA 10-02471

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

WILLIAM J. MAYER AND LISA A. MAYER,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

HENRY HOANG, INDIVIDUALLY AND DOING BUSINESS
AS HENRY'S NAILS, DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

COHEN & LOMBARDO, P.C., BUFFALO (JONATHAN D. COX OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 25, 2010 in a personal injury action. The order, insofar as appealed from, granted the motion of defendant to compel plaintiffs to provide a supplemental bill of particulars and to compel a return deposition of plaintiff William J. Mayer.

It is hereby ORDERED that the order so appealed from is unanimously modified as a matter of discretion and on the law by denying defendant's motion with respect to a return deposition of plaintiff in part, vacating the third ordering paragraph and substituting therefor a directive that plaintiff submit to a further deposition that is limited to questions concerning the June 2007 motor vehicle accident and relevant questions deriving therefrom, in accordance with 22 NYCRR 221.2, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by William J. Mayer (plaintiff) when he fell from a ladder while removing a light fixture from the exterior of Henry's Nails, a business owned by defendant. Contrary to plaintiffs' contention, we conclude that Supreme Court did not abuse its discretion in granting that part of defendant's motion seeking to compel plaintiffs to serve a supplemental bill of particulars that included wage loss calculations to be verified by plaintiff, subject to preclusion of a claim for any such damages in the event of plaintiffs' failure to comply with that part of defendant's motion (*see* CPLR 3042 [d]).

We recognize that " '[t]he purpose of a bill of particulars is to amplify the pleadings, limit proof, and prevent surprise at trial; it

is not an evidence-gathering device' " (*Khoury v Chouchani*, 27 AD3d 1071, 1072).  Nevertheless, we conclude that plaintiffs failed to provide an adequate response to defendant's demand for information concerning plaintiff's "time lost and loss of income sustained."  In their bill of particulars, plaintiffs' response thereto was that the total amount of lost earnings was "unknown at the present time and will be supplemented in the future."  Plaintiffs thereafter produced a computer printout that purported to show plaintiff's earnings from the year 2000 through the year 2008, when the accident occurred.  After plaintiff's deposition and in response to a follow-up letter from defendant, plaintiffs refused to provide any additional information concerning lost earnings, stating merely that the bill of particulars would be supplemented "in accordance with the requirements of the CPLR."  The record reflects, however, that plaintiffs had more than sufficient time to provide a calculation of plaintiff's lost wages, particularly in light of the fact that plaintiff had already returned to his "normal amount of activities" at the time of his deposition in 2010, and the fact that correspondence from plaintiffs' attorney following plaintiff's deposition did not indicate that plaintiffs lacked any information needed to calculate lost wages (*cf. Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772, 774).  Moreover, defendant requested information only and not evidentiary material or expert proof.  We further conclude that the court properly ordered that the supplemental bill of particulars be verified by plaintiff inasmuch as the record establishes that plaintiff's wife is not sufficiently "acquainted with the facts" within the meaning of CPLR 3020 (d).

Plaintiffs further contend that the court erred in granting that part of defendant's motion seeking to compel plaintiff to submit to a return deposition and "to answer all questions put to him including any questions previously asked at the prior deposition as well as questions regarding any of the issues inquired of by" defendant's attorney.  Even assuming, arguendo, that defendant is correct that such part of the order is not appealable as of right (*see Roggow v Walker*, 303 AD2d 1003, 1003-1004; *Presti v Schalck*, 26 AD2d 793; *Brown v Golden*, 6 AD2d 766), we exercise our discretion to deem the notice of appeal with respect to that part of the order to be an application pursuant to CPLR 5701 (c) for permission to appeal, and we grant such permission (*see Roggow*, 303 AD2d at 1004).  On the merits, we agree with plaintiffs that the court abused its discretion in imposing that broad requirement.  Defendant took issue with only five of the questions that plaintiff refused to answer, and defendant concedes in his brief on appeal that plaintiff essentially answered two of those questions, which concerned whether plaintiff smokes cigarettes.  With respect to the remaining questions, we conclude that plaintiff properly refused to answer questions concerning whether defendant supplied "any defective, unsafe or improper devices or materials which caused [plaintiff's] fall" or whether the work area appeared "to be unreasonably dangerous."  It is well settled that a plaintiff at a deposition may not "be compelled to answer questions seeking legal and factual conclusions or questions asking him [or her] to draw inferences from the facts" (*Lobdell v South Buffalo Ry. Co.*, 159 AD2d 958; *see Barber v BPS Venture, Inc.*, 31 AD3d 897).  Plaintiff also properly refused to answer the question whether he had "a calculation

as to any lost wages that [he] would claim as a result of this incident" inasmuch as such question primarily seeks a legal conclusion (*see generally Barber*, 31 AD3d 897; *Lobdell*, 159 AD2d 958).  Further, a review of plaintiff's deposition transcript reflects that plaintiff properly answered all other fact-based questions concerning his lost wages (*see Schwartz v Marien*, 40 AD2d 1078).

We conclude, however, that the court properly granted that part of defendant's motion seeking to require plaintiff to answer questions concerning his June 2007 motor vehicle accident.  At his deposition, plaintiff was directed by his attorney not to answer the question whether he "ever ma[de] a claim for bodily injury following a motor vehicle accident in June of 2007."  Contrary to plaintiffs' contention, that question does not implicate the physician-patient privilege inasmuch as it does not request information concerning doctor-patient communications or medical diagnosis or treatment (*see* CPLR 4504 [a]; *see generally Carter v Fantauzzo*, 256 AD2d 1189, 1190).  Further, plaintiff alleges that, as a result of the fall, he injured his back, hip, groin, pelvis, and elbow, areas that are commonly injured in motor vehicle accidents, and thus the question was reasonably calculated to lead to evidence that is "material and necessary" to the defense of the action (CPLR 3101 [a]; *see generally Orlando v Richmond Precast, Inc.*, 53 AD3d 534; *Rega v Avon Prods., Inc.*, 49 AD3d 329, 330).  We therefore modify the order by denying defendant's motion with respect to a return deposition in part, vacating the third ordering paragraph and substituting therefor a directive that plaintiff submit to a further deposition that is limited to questions concerning the June 2007 motor vehicle accident and relevant questions deriving therefrom, in accordance with 22 NYCRR 221.2.

Entered:  April 29, 2011                          Patricia L. Morgan
                                                 Clerk of the Court