*261 OPINION OF THE COURT
Richard A. Dollinger, J.
A lawyer asks a disputed question during a deposition: “Okay. Is that right? You’re not withdrawing your request for changing custody unless she withdraws her request for child support?”
Opposing counsel directs the witness not to answer, claiming “it is an inappropriate question.”
The witness states that he will answer the question and the questioner states that the witness “has to answer the question.”
The witness’s counsel responds: “he’s not making any legal decisions today.”
Unprompted, the witness then states: “I would have to consult with my attorney to decide anything about that.”
His counsel interjects: “about whether he’s withdrawing the petition or not.”
The attorneys then decide to do what attorneys do when conflict in a deposition arises: call the judge. When the judge was unavailable, the attorneys submitted the disputed question to the court for a determination of whether or not the witness was obligated to respond to the question.
The scope and supervision of discovery generally is within the sound discretion of the trial court although such discretion is not unlimited. (Tommy Hilfiger U.S.A. v Insurance Co. of N. Am., 239 AD2d 255 [1st Dept 1997].) A party is entitled to full disclosure of all matter “material and necessary” in the prosecution and defense of an action (CPLR 3101 [a]). The scope of permissible questioning at depositions is generally governed by court rule. A deponent shall answer all questions at a deposition, except;
1. to preserve a privilege or right of confidentiality,
2. to enforce a limitation set forth in an order of a court, or
3. when the question is plainly improper and would, if answered, cause significant prejudice to a person. (See 22 NYCRR 221.2.)
Unless a question is clearly violative of a witness’s “constitutional rights, or of some privilege recognized in law, or is palpably irrelevant, questions [at an examination before trial] should be freely permitted and answered, since all objections other than those as to form are preserved for the trial and may *262 be raised at that time.” (Roggow v Walker, 303 AD2d 1003, 1004 [4th Dept 2003]; see also Burke v County of Erie, 110 AD3d 1461 [4th Dept 2013].)
However, the scope of permitted discovery only applies to facts or matters that relate to a witness’s bias or motive. (See Williams v Roosevelt Hosp., 66 NY2d 391, 397 [1985]; Monica W v Milevoi, 252 AD2d 260 [1st Dept 1999] [a witness may not refuse to answer questions regarding matters of fact]; Burke v County of Erie, 110 AD3d 1461 [4th Dept 2013] [questions regarding motive or bias are relevant and proper].) The general rule requiring a deponent to answer all questions does not extend to questions of law or legal strategy or the witness’s opinion about legal strategy. In Barber v BPS Venture, Inc. (31 AD3d 897 [3d Dept 2006]), the questions which counsel refused to permit the witness to answer largely related to his understanding of the parties’ ultimate legal contentions. The court described such inquiry as “palpably improper.” (Id. at 897; see also O’Neill v Ho, 28 AD3d 626, 627 [2d Dept 2006] [acknowledging that no answers required to questions of “palpable irrelevance”]; Lakeville Merrick Corp. v Town Bd. of Town of Is-lip, 23 AD2d 584 [2d Dept 1965] [conclusion of fact or law and an argumentative matter as to which examination before trial is not permitted].) The Fourth Department in Mayer v Hoang (83 AD3d 1516, 1518 [4th Dept 2011]) held that it was “well settled” that a plaintiff at a deposition may not “be compelled to answer questions seeking legal and factual conclusions or questions asking him [or her] to draw inferences from the facts.” (See also Roggow v Walker, 303 AD2d 1003, 1004 [4th Dept 2003] [while declining to sustain an objection to deposition questioning, nonetheless acknowledged that questions should not be permitted into matters that are “palpably irrelevant”].) Finally, the Fourth Department long ago directed trial courts that
“[a] witness at an examination before trial may not be compelled to answer questions of law, particularly those which relate to his understanding of his contentions in the lawsuit. Nor may he be compelled to answer questions seeking legal and factual conclusions or questions asking him to draw inferences from the facts.” (Lobdell v South Buffalo Ry. Co., 159 AD2d 958, 958 [4th Dept 1990] [citations omitted].)
This court notes that the broad rule announced in Lobdell v South Buffalo Ry. predates Uniform Rules for the Conduct of *263 Depositions (22 NYCRR) § 221.2. The rule was added to the New York Official Compilation of Codes, Rules and Regulations in 2006, well after the Fourth Department holding in Lobdell v South Buffalo Ry. In this court’s view, the Fourth Department decision in Lobdell v South Buffalo Ry. declares a broader common-law ban on questions involving legal strategy and legal/ factual conclusions than the restrictions of 22 NYCRR 221.2. The rule does not supersede the crux of the Fourth Department’s broad prohibition against requiring a witness to answer questions that involve legal conclusions or facts related to legal matters. Applying the holding in Lobdell v South Buffalo Ry. simply requires that if the question improperly intrudes on legal matters, the court need not find any “significant prejudice” to the deponent which would otherwise be required under 22 NYCRR 221.2 (c).
In resolving this “question” under the common-law principles set forth above, the question posed in this case clearly asks the client to disclose his legal position and because his decision or opinion would be clearly outside the scope of a fact-based inquiry, the question is “plainly improper” under Lobdell v South Buffalo Ry. (See 22 NYCRR 221.2 [c].)
In the alternative, this court concludes that “significant prejudice” would result to the deponent if he answered the question, and therefore, the witness would be justified in not answering it under the rule as well. (See 22 NYCRR 221.2 [c].) In prior cases interpreting the rule, there is little judicial comment about what constitutes “significant prejudice” to the person being deposed. In a strict reading of the cases, it appears that the courts have equated the two separate concepts set forth in 22 NYCRR 221.2 (c). In essence, other courts suggest that if the question is “plainly improper” then “substantial prejudice” flows from it. (See e.g. Koch v Sheresky, Aronson & Mayefsky LLP, 33 Misc 3d 1228[A], 2011 NY Slip Op 52148[U] [Sup Ct, NY County 2011] [directing a party to answer a question about current legal theory or strategy would be the cause of significant prejudice to that party, and is improper].) However, the text of the rule does not equate the two concepts: it requires a judicial finding on both aspects — the question must be both “plainly improper” and “cause significant prejudice.”
In this case, the witness, after the exchange between counsel over the validity of the question, added that he would have to “consult with my attorney to decide anything about that.” In this respect, the witness was declining to further answer the question without consultation with his attorney. Under these *264 facts, this court concludes that the witness was seeking legal counsel on a legal question before answering the inquiry. Hence, he was seeking, after the interruption of the deposition and albeit somewhat awkwardly, to assert his right to counsel before answering the question. To deny the witness the right to seek counsel on a question that asked him to describe his legal strategy would, in this court’s view, cause him “significant prejudice” under the court rules.
For these reasons, this court holds that the witness in this case was not required to answer the question posed during the deposition. His attorney’s instructions not to answer the question were justified under the Fourth Department holding in Lobdell v South Buffalo Ry. and under 22 NYCRR 221.2.