■ Jeffrey Kaye et al., Respondents, v Tee Bar Corp. et al., Appellants. [58 NYS3d 695]—

Lynch, J. Appeal from an order of the Supreme Court (Cahill, J.), entered August 9, 2016 in Ulster County, which denied defendants' motion to compel plaintiff Jeffrey Kaye to answer certain questions posed to him during a deposition.

Plaintiff Jeffrey Kaye and his wife, derivatively, commenced this negligence action seeking monetary damages based on personal injuries that he sustained after falling while attempting to mount a horse at defendants' resort. During Kaye's deposition, in which he answered all fact-based questions concerning the incident and the condition of the premises, Kaye declined to answer a series of questions primarily addressed to defendants' purported negligence. Finding that the questions were improper, Supreme Court denied defendants' motion seeking to compel Kaye to reappear at a further deposition to answer the questions. Defendants appeal.*

We affirm. "In conducting depositions, questions should be freely permitted 'unless a question is clearly violative of a witness' constitutional rights, or of some privilege recognized in law, or is palpably irrevelant' " (*Barber v BPS Venture, Inc.*, 31 AD3d 897, 897 [2006], quoting *Watson v State of New York*, 53 AD2d 798, 799 [1976]; *see* CPLR 3101 [a]; 22 NYCRR 221.2; *Lieblich v Saint Peter's Hosp. of the City of Albany*, 112 AD3d 1202, 1204 [2013]). "[A] plaintiff at a deposition may not 'be compelled to answer questions seeking legal and factual conclusions or questions asking him [or her] to draw inferences from the facts' " (*Mayer v Hoang*, 83 AD3d 1516, 1518 [2011] [citation omitted]; *see Barber v BPS Venture, Inc.*, 31 AD3d at 897).

Here, the challenged questions addressed the ultimate legal contentions as to the warnings required, the dangerous conditions created and the risks involved, and do not, as defendants contend, speak just to the underlying facts. It is one thing, for example, for defendants to have inquired as to what warnings were given—an acceptable factual inquiry that Kaye duly responded to during his deposition. It is altogether something else to then ask Kaye to explain what warnings he felt defendants should have given. The latter inquiry is a legal assessment derived from the underlying facts that goes beyond the

---

* We recognize that an order of this nature is generally not appealable as of right (*see Davis v Eddy Cohoes Rehabilitation Ctr.*, 307 AD2d 637, 637 [2003]), but no such objection has been raised and, in any event, we exercise our discretion to deem the notice of appeal to be an application for leave to appeal and grant the application (*see* CPLR 5701 [c]; *Mayer v Hoang*, 83 AD3d 1516, 1518 [2011]).

factual evidentiary scope of a deposition. We agree with Supreme Court that each question was palpably improper (*see Barber v BPS Venture, Inc.*, 31 AD3d at 897) and violative of 22 NYCRR 221.2, which precludes "plainly improper" questions that would cause significant prejudice to a party. Asking a party to explain the legal implications of a case is by its nature significantly prejudicial to that party's interests (*see White v White*, 42 Misc 3d 260, 263-264 [2013]). Not to be overlooked here is the fact plaintiffs had already served a bill of particulars stating the acts and/or omissions constituting defendants' asserted negligence (*see* CPLR 3043 [a] [3]; *Neissel v Rensselaer Polytechnic Inst.*, 30 AD3d 881, 881-882 [2006]; *Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772, 773 [1999]). We conclude that Supreme Court properly exercised its broad discretion in denying defendants' motion.

Garry, J.P., Rose, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.