Czechowski v Buffalo Niagara Med. Campus, Inc. (2019 NY Slip Op 06917)





Czechowski v Buffalo Niagara Med. Campus, Inc.


2019 NY Slip Op 06917


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


824 CA 19-00502

[*1]THOMAS CZECHOWSKI, PLAINTIFF-APPELLANT,
v
BUFFALO NIAGARA MEDICAL CAMPUS, INC., ET AL., DEFENDANTS.
-
BUFFALO NIAGARA MEDICAL CAMPUS, INC., ET AL.,
THIRD-PARTY PLAINTIFFS,
v
ARIA CONTRACTING CORP., THIRD-PARTY DEFENDANT-RESPONDENT. 






DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 11, 2018. The order, inter alia, granted plaintiff's motion to compel a prospective witness to appear for a deposition, but limited the scope of questioning during that deposition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the order that limited the scope of questioning during the deposition of a prospective witness and as modified the order is affirmed without costs.
Memorandum: In this personal injury action, plaintiff appeals from an order that, inter alia, granted his motion to compel a former employee of third-party defendant Aria Contracting Corp. (Aria) to appear for a deposition but limited the scope of plaintiff's questioning of that prospective witness, and denied plaintiff's separate motion to compel two other representatives of Aria to appear for second depositions and answer questions that counsel for Aria directed them not to answer during their first depositions. We modify the order by vacating that part of the order that limited the scope of questioning during the deposition of the prospective witness.
Preliminarily, Supreme Court's ruling limiting the scope of a pretrial examination, although reduced to an order, is not appealable as of right (see Roggow v Walker, 303 AD2d 1003, 1003-1004 [4th Dept 2003]; Matter of Beeman, 108 AD2d 1010, 1011 [3d Dept 1985]; see generally CPLR 5701 [a]). In the exercise of our discretion, however, we "treat the notice of appeal as an application for permission to appeal and grant such permission" (Roggow, 303 AD2d at 1004; see CPLR 5701 [c]).
We agree with plaintiff that the court erred in limiting in advance the scope of plaintiff's questioning during a deposition of the prospective witness. The court's limitation on the future deposition testimony of that witness, Aria's former office manager, could result in the preclusion of testimony that would be relevant at trial or in preparation for trial (see generally Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Certain areas of inquiry that would be precluded under the court's limitation, such as questions concerning a witness's credibility, bias, or motive, are indisputably relevant to the prosecution or defense of an action (see Dominicci v Ford, 119 AD3d 1360, 1361 [4th Dept 2014]; Roggow, 303 AD2d at 1003), and thus the [*2]anticipatory ruling by the court would preclude inquiry into legitimate areas of pretrial discovery (see Tardibuono v County of Nassau, 181 AD2d 879, 881 [2d Dept 1992]).
Contrary to plaintiff's further contention, the court did not err in denying his motion to compel two other representatives of Aria to appear for second depositions. Here, the questions that plaintiff intended to ask those witnesses during the second depositions either called for privileged information, or were not material or relevant to plaintiff's personal injury action, or were asked and answered during those witnesses' first depositions (see generally CPLR 3101; Brown v Home Depot, U.S.A., 304 AD2d 699, 699-700 [2d Dept 2003]; MS Partnership v Wal-Mart Stores, 273 AD2d 858, 858 [4th Dept 2000]; Shapiro v Levine, 104 AD2d 800, 800-801 [2d Dept 1984]). "Absent an abuse of discretion, we will not disturb the court's control of the discovery process" (MS Partnership, 273 AD2d at 858; see generally Kern v City of Rochester [appeal No. 1], 267 AD2d 1026, 1026 [4th Dept 1999]), and we perceive no abuse of discretion here.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court