| |
|---|
| **Certain Underwriters at Lloyd's, London v NL Indus., Inc.** |
| 2024 NY Slip Op 31411(U) |
| April 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650103/2014 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
COMMERCIAL UNION INSURANCE COMPANY PLC,
INDEMNITY MARINE ASSURANCE COMPANY LTD.,
NORTHERN ASSURANCE COMPANY LTD., OCEAN
MARINE INSURANCE COMPANY LTD., WINTERTHUR
SWISS INS. CO. LTD., WORLD AUXILIARY INSURANCE
CORPORATION LTD., YASUDA FIRE & MARINE INS.
CO. (UK) LTD., YASUDA, UK, YORKSHIRE INSURANCE
COMPANY LTD., ATLANTA INTERNATIONAL
INSURANCE COMPANY, GOVERNMENT EMPLOYEES
INSURANCE COMPANY, ONEBEACON AMERICA
INSURANCE COMPANY, REPUBLIC INSURANCE
COMPANY, and STONEWALL INSURANCE COMPANY,

|  |  |
|---|---|
| **INDEX NO.** | 650103/2014 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 034 035 |

**DECISION + ORDER ON
MOTION**

Plaintiffs,

- v -

NL INDUSTRIES, INC.,ACE AMERICAN INSURANCE
COMPANY, ACE PROPERTY & CASUALTY INSURANCE
COMPANY, AIG PROPERTY CASUALTY COMPANY, AIU
INSURANCE COMPANY, ALLIANZ UNDERWRITERS
INSURANCE COMPANY, ALLSTATE INSURANCE
COMPANY, AMERICAN HOME ASSURANCE COMPANY,
ARROWOOD INDEMNITY COMPANY, CENTRAL
NATIONAL INSURANCE COMPANY OF OMAHA,
CENTURY INDEMNITY COMPANY, CONTINENTAL
INSURANCE COMPANY, DAIRYLAND INSURANCE
COMPANY, EMPLOYERS INSURANCE COMPANY OF
WAUSAU, EMPLOYERS MUTUAL CASUALTY
COMPANY, EVEREST REINSURANCE COMPANY,
EXECUTIVE RISK INDEMNITY, INC.,FEDERAL
INSURANCE COMPANY, FIRST STATE INSURANCE
COMPANY, GRANITE STATE INSURANCE COMPANY,
HARTFORD ACCIDENT AND INDEMNITY COMPANY,
INSCO LTD., THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, LANDMARK INSURANCE
COMPANY, LEXINGTON INSURANCE COMPANY, MT.
MCKINLEY INSURANCE COMPANY, MUNICH
REINSURANCE AMERICA, INC.,NATIONAL CASUALTY
COMPANY, NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, NEW ENGLAND
INSURANCE COMPANY, NEW HAMPSHIRE
INSURANCE COMPANY, OLD REPUBLIC INSURANCE
COMPANY, PACIFIC EMPLOYERS INSURANCE
COMPANY, RIUNIONE ADRIATICA DI SICURTA, TIG
INSURANCE COMPANY, TRAVELERS CASUALTY &
SURETY COMPANY, TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA, TWIN CITY FIRE
INSURANCE COMPANY, UTICA MUTUAL INSURANCE

650103/2014   CERTAIN UNDERWRITERS AT vs. NL INDUSTRIES, INC.                                Page 1 of 4
Motion No.  034 035

1 of 4

COMPANY, WESTCHESTER FIRE INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY, ZURICH SPECIALTIES LONDON LTD., and
CERTAIN LONDON MARKET INSURANCE COMPANIES,

                                Defendants.

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 034) 1093, 1094, 1095, 1096, 1097, 1098, 1099, 1100, 1101, 1102, 1103, 1104, 1105, 1106, 1107, 1113, 1137

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT          .

The following e-filed documents, listed by NYSCEF document number (Motion 035) 1123, 1124, 1125, 1126, 1131, 1132, 1133, 1134, 1135, 1136, 1142

were read on this motion to/for          LEAVE TO FILE          .

Upon the foregoing documents, it is

        For the reasons stated on the record on April 17, 2024, plaintiffs' motion 034 to

        "1) [D]isaffirm[] Paragraph 5 of the 'Order' by Special Discovery Master
        Richard P. Swanson, dated October 9, 2023 and filed October 10, 2023
        (NYSCEF 1080), and
        2) [C]ompel[] defendant NL Industries, Inc. ('NL') to produce its internal
        documents and communications related to the subject matters addressed in
        the affidavit of its general counsel, John Powers, in support of NL's motion to
        stay (NYSCEF 231), his affidavit in opposition to the Insurers' summary
        judgment motion (NYSCEF 674), and his declaration in support of NL's
        motion for summary judgment against Allstate Insurance Company (NYSCEF
        796), without regard to its claims of privilege over those materials." (NYSCEF
        1093, OSC [mot. seq. no. 034])

is denied. "An 'at-issue waiver' of the attorney-client privilege occurs where a party affirmatively places the subject matter of its own privileged communication at issue, such as by asserting a claim or defense that the party intends to prove by use of the privileged material." (*2138747 Ontario Inc. v Lehman Bros. Holdings, Inc.*, 210 AD3d 412, 413 [1st Dept 2022] [citations omitted].)

        Likewise, the court denies plaintiffs' motion 035

        "to supplement the record on [motion 034] . . . [with] a supplemental
        memorandum accompanying the excerpts of the transcript of the [January 17,
        2024] deposition of NL's General Counsel John Powers." (NYSCEF 1123,
        Notice of Motion at 1-2 [mot. seq. no. 035].)

**650103/2014   CERTAIN UNDERWRITERS AT vs. NL INDUSTRIES, INC.**                                **Page 2 of 4**
**Motion No.  034 035**

John Powers, Esq., NL's General Counsel, submitted four affidavits in this action. (NYSCEF 231, Jan. 24, 2019 affidavit in support of motion to stay; NYSCEF 317, Feb. 15, 2019 affidavit in support of NL's reply in support of a stay; NYSCF 674, Oct. 9, 2019 affidavit [43 pages, 201 paragraphs, and 32 exhibits NYSCEF 675-706] in further support of NL's opposition to Insurers' motion for summary judgment; NYSCF 796, July 15, 2022 declaration in support of NL's motion for summary judgment against Allstate.)

In his October 9, 2023 Order, Special Master Richard P. Swanson determined that:

"5. Plaintiffs and the Insurers contend there was a waiver by NL of the attorney-client privilege by the filing of a 43-page affidavit containing legal argument by NL's in-house counsel John Powers. I read the cases cited at the August 23, 2023 hearing/conference at which the parties first addressed this issue, in particular MBIA Ins. Corp. v. Patriarch Partners VIII, LLC, 2012 WL 2568972 (S.D.N.Y.), relied on by the Insurers, and Deutsche Bank Trust Company of Americas v. Tri-Links Investment Trust, 43 A.D.3d 56, 837 N.Y.S.2d 15 (1st Dep't 2007), relied on by NL. Both cases stand for the same proposition, namely, that when a party is going to put counsel on the stand as a witness to testify to the meaning and intent of a contract, and related legal principles attendant thereto, there is a waiver of the attorney-client privilege. The parties chose to cite the case that they cited because on the facts of the specific case, each of these two cases came to a different outcome. We are all familiar with the all-too-common practice in state court in New York of attorneys filing affidavits or affirmations putting forth certain facts and documents, and even legal arguments (including case citations at times), without ever intending for that attorney to testify as a witness or to waive any otherwise applicable privilege. NL's counsel has represented that NL will not call Mr. Powers as a witness in this case and based on that representation I am choosing to consider Mr. Powers' affidavit as an attorney's affidavit filed in the manner and for the limited purpose set forth above, and therefore not constituting a privilege waiver, although given the length and subject matter of the affidavit it is frankly a close question. If NL in fact designates Mr. Powers as a witness, or decides to try to call him to testify, then I would conclude that a privilege waiver has in fact occurred. The practice of having attorneys file affidavits and affirmations too often confuses the role of the attorney, the sources of the attorney's knowledge and the capacity in which the attorney is acting, and such confusion has in fact occurred here. I strongly encourage NL to discontinue this practice going forward." (NYSCEF 1104, Oct. 9, 2023 Order by Richard P. Swanson ¶ 5.)

Powers was deposed for 13 hours. (NYSCEF 1131, NL's Memo of Law at 6 or 9/17[1]; NYSCEF 1133, June 22, 2023 Depo tr; NYSCEF 1134, Jan. 17, 2024 Depo tr.) The court reviewed the snippet of the Powers deposition transcript, and it changes

---

[1] NYCEF pagination.

nothing.[2] Powers' statements are not privileged and some are not even legal in nature, e.g. that since 1949, NL has tried to purchase the broadest and most economical insurance policies. (NYSCEF 1125, Powers Depo tr at 152:9-155:8.) Further, the Insurers' questions of Powers concerning his understating of the law in the State of New York and of the decisions of the Santa Clara court were inappropriate. (See *Kaye v Tee Bar Corp.*, 151 AD3d 1530, 1531 [3d Dept 2017].) Powers' declination to answer such questions was consistent with the Special Master's order. (NYSCEF 1104, Oct. 9, 2023 Order by Richard P. Swanson.) The Insurers have not established that "invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege." (*Deutsche Bank Tr. Co. of Americas*, 43 AD3d at 63 [citations omitted].)

Accordingly, it is

ORDERED that the Insurers' motions 034 and 035 are denied; and it is further

ORDERED that the Insurers shall submit the transcript to be so ordered.

|  | |
|---|---|
| **4/22/2024** | |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

_____

[2] While the court appreciates that NL filed the entire transcript (NYSCEF 1133 and 1134), parties are reminded to read the Part 48 procedures and comply with them. Deposition transcripts are to be filed in NYSCEF in full, not excerpts. (*See e.g.* NYSCEF 1125.)

**650103/2014 CERTAIN UNDERWRITERS AT vs. NL INDUSTRIES, INC.**
**Motion No. 034 035**

Page 4 of 4

4 of 4