Gulledge v Jefferson County (2024 NY Slip Op 03857)

Gulledge v Jefferson County

2024 NY Slip Op 03857

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

CV-23-0892
[*1]Gabrielle Gulledge, Individually and as Parent of D. Gulledge, an Infant, et al., Respondents,
v
Jefferson County et al., Defendants, and Albany County et al., Appellants.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Eugenia Koutelis Condon, County Attorney, Albany (Kevin M. Cannizzaro of counsel), for appellants.
Bosman Law, LLC, Blossvale (A.J. Bosman of counsel), for respondents.

Garry, P.J.
Appeal from an order of the Supreme Court (Roger D. McDonough, J.), entered April 13, 2023 in Albany County, which, among other things, granted plaintiffs' motion to compel discovery and for sanctions.
In May 2013, Demearle Gulledge (hereinafter decedent) died while in custody at defendant Albany County Correctional Facility (hereinafter ACCF). Plaintiffs, decedent's wife, child and estate, filed a complaint for violation of decedent's constitutional rights, wrongful death, negligence, battery, and pain and suffering against ACCF and defendants Albany County, Craig Apple — the Albany County Sherriff — and other Albany County Sherriff officers (hereinafter collectively referred to as defendants), among other individuals and entities. After issue was joined, the parties engaged in discovery. During the depositions of several witnesses, defendants' counsel perceived several of plaintiffs' counsel's questions to be inappropriate, directing witnesses not to answer roughly 100 times. Moreover, reference was made during depositions to portions of "logbooks" and other documents that plaintiffs had previously requested from defendants but had not yet received. Plaintiffs thereafter sent a document demand to defendants who replied with further documents but notified plaintiffs that they no longer had portions of the requested logbooks, which had been inadvertently destroyed. Plaintiffs moved to compel discovery from defendants, for spoliation sanctions, sanctions against defense counsel and an order compelling answers to the unanswered deposition questions. In response, defendants cross-moved seeking a protective order, sanctions against plaintiffs' counsel and a referee to supervise discovery. Supreme Court partially granted plaintiffs' motion, ordering the limited reexamination of certain witnesses with reimbursement of stenographic costs by defendants, granted a spoliation sanction in the form of an adverse inference charge should the matter reach trial, and denied defendants' cross-motion in its entirety. Defendants appeal.
Defendants first contend that Supreme Court abused its discretion in granting spoliation sanctions. "The decision to impose sanctions for the spoliation of evidence is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion" (Bruno v Peak Resorts, Inc., 190 AD3d 1132, 1134 [3d Dept 2021] [internal quotation marks and citations omitted]; see LaBuda v LaBuda, 175 AD3d 39, 41 [3d Dept 2019]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal [*2]quotation marks and citations omitted]; accord Atiles v Golub Corp., 141 AD3d 1055, 1056 [3d Dept 2016]). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 557 [2d Dept 2019] [internal quotation marks and citation omitted]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554).
The record reflects that decedent died while in custody at ACCF on or about May 11, 2013. On May 23, 2013, plaintiffs provided the Albany County Sheriff written notice of his duty to retain and preserve all evidence relevant to decedent's incarceration and death, including, but not limited to, written documents, logs, records revealing all persons in or near decedent's cell and "records of all inmates, st[a]ff and personnel . . . at any time between April 1, 2013 through May 31, 2013." In August 2020, plaintiffs sent a demand to the Albany County Sheriff and ACCF that included logbooks, cell check records, inmate housing records and records showing personnel movement "throughout the facility" from April 15, 2013 through May 25, 2013. At issue here is defendants' failure to produce certain sections of the requested logbooks — specifically, logbook entries for May 10, 2013 for 3East Tier from 3:00 p.m. to 7:05 p.m. and for 7East Tier from 3:00 p.m. to 7:20 p.m. It is undisputed that defendants destroyed said records. Although the record reflects that the parties' discovery process was fraught with conflict, we do not find that plaintiffs have established that defendants intentionally or willfully destroyed the records such that the relevancy of those documents is presumed for purposes of a spoliation sanction (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548). Nevertheless, despite defendants' assertion that the documents were destroyed inadvertently, it is undisputed that defendants knew of decedent's death and should reasonably have anticipated litigation. "As such, defendant[s'] destruction of the evidence was, at a minimum, negligent" (Parkis v City of Schenectady, 211 AD3d 1444, 1446 [3d Dept 2022] [internal quotation marks and citations omitted]). Plaintiffs were thus required to demonstrate the relevancy of the destroyed documents (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548).
We are unpersuaded by defendants' contention that plaintiffs failed to establish relevancy because decedent was presumably not present in the units covered by the requested logbook entries at the relevant time. In this regard, as plaintiffs argue, several deposition witnesses indicated during their respective testimonies that the logbook records provided by defendants were either inaccurate, incomplete or contradictory to other activity reports and, thus, the missing entries may provide clarity or evidence to support their claims. The record further supports plaintiffs' assertion that the missing entries may also be relevant to demonstrating [*3]a policy, practice or custom, or a deviation therefrom, regarding the supervision and care of persons in custody at ACCF for purposes of certain of their claims (see generally Hetelekides v County of Ontario, 39 NY3d 222, 240 [2023]; Alex LL. v Department of Social Servs. of Albany County, 60 AD3d 199, 205 [3d Dept 2009], lv denied 12 NY3d 710 [2009]; Ponder v Albany County Sheriff's Dept., 307 AD2d 602, 602 [3d Dept 2003]). In this same vein, the activities of ACCF staff prior to the arrival of decedent are relevant in that they may have created, or even mitigated, a hazard to decedent leading up to the incident (see Payne v Sole Di Mare, Inc., 216 AD3d 1339, 1341 [3d Dept 2023]). As plaintiffs established the relevancy of the logbook entries destroyed by defendants, we do not find that Supreme Court abused its "broad discretion" in imposing a spoliation sanction against defendants in the form of an adverse inference at trial (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551; see Parkis v City of Schenectady, 211 AD3d at 1447; Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d 1165, 1166-1167 [3d Dept 2010]; compare Atiles v Golub Corp., 141 AD3d at 1056-1057).
Defendants next challenge Supreme Court's finding that they failed to comply with 22 NYCRR 221.2 and CPLR 3115 during depositions, resulting in the court granting plaintiffs permission to conduct a limited deposition reexamination of certain witnesses. "[T]he trial court has broad discretion in the control of the disclosure process, and the exercise of that discretion is guided by the test of usefulness and reason. Only a clear abuse of that discretion will justify [this Court's] intervention" (McMahon v Aviette Agency, 301 AD2d 820, 821 [3d Dept 2003] [internal quotation marks and citations omitted]; accord DG & A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d 1316, 1318 [3d Dept 2010]).
"In conducting depositions, questions should be freely permitted unless a question is clearly violative of a witness' constitutional rights, or of some privilege recognized in law, or is palpably irrelevant" (Kaye v Tee Bar Corp., 151 AD3d 1530, 1531 [3d Dept 2017] [internal quotation marks and citations omitted]). Pertinent here, 22 NYCRR 221.2 provides that "[a] deponent shall answer all questions at a deposition, except . . . to preserve a privilege or right of confidentiality[,] . . . to enforce a limitation set forth in an order of a court[,] or . . . when the question is plainly improper and would, if answered, cause significant prejudice to any person," and "[a]n attorney shall not direct a deponent not to answer except as provided [herein or] in CPLR Rule 3115."[FN1] Palpably irrelevant or improper questions are not strictly defined. However, courts have found that questions seeking conclusions of fact or law are not permitted (see Kaye v Tee Bar Corp., 151 AD3d at 1531), nor are questions largely related to a party's understanding of his or her ultimate legal [*4]contentions (see Barber v BPS Venture, Inc., 31 AD3d 897, 897 [3d Dept 2006]) or questions asking the witness to draw inferences from the facts (see Kaye v Tee Bar Corp., 151 AD3d at 1531; Mayer v Hoang, 83 AD3d 1516, 1518 [4th Dept 2011]).
The record reflects that the relationship between plaintiffs' and defendants' respective counsel was contentious throughout the discovery process, with each contributing to difficulties in conducting and completing witness depositions. At issue here is defense counsel's instruction to witnesses not to answer questions posed by plaintiffs' counsel roughly 100 times during depositions. Although we find that the record supports Supreme Court's conclusion that "a significant number" of plaintiffs' questions were in fact improper and unlikely to survive a form objection or lead to admissible evidence at trial, it is likewise evident from the record that some questions were not and that defendants should not have instructed witnesses to not provide an answer. Accordingly, Supreme Court properly found that defendants had violated 22 NYCRR 221.2 and CPLR 3115.
In granting plaintiffs' motion to compel deposition witnesses to answer certified questions that they had been previously instructed not to answer, Supreme Court limited reexamination to only those witnesses and certified questions affected and permitted only "related and relevant" follow-up questioning. Contrary to defendants' assertions on appeal, the court's order expressly permits defense counsel to direct witnesses not to answer questions upon reexamination, requiring only that such instruction be proper under 22 NYCRR 221.2 and CPLR 3115. Given these limitations, we agree with the court that a line-by-line analysis of the certified questions was not necessary. Supreme Court did not abuse its discretion in permitting plaintiffs' limited deposition reexamination of witnesses, and such was a reasonable manner to address the circumstances presented here (see DG & A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d at 1318).
Defendants' remaining contentions, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.
Clark, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Pursuant to CPLR 3115 (b), "[e]rrors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of persons, and errors of any kind which might be obviated or removed if objection were promptly presented, are waived unless reasonable objection thereto is made at the taking of the deposition."