■ THOMAS J. GILBERT, Plaintiff, v ALBANY MEDICAL CENTER et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. A C & S, INC., Third-Party Defendant-Respondent-Appellant. [787 NYS2d 153]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Keegan, J.), entered October 23, 2003 in Albany County, which, inter alia, denied third-party plaintiffs' motion for summary judgment in the third-party action.

Prior to being sued in a third-party action, the employer of a worker injured in a fall from a ladder lost track of the ladder. Third-party plaintiffs moved in the ensuing third-party action against that employer for summary judgment on the basis of spoliation of evidence or, alternatively, leave to amend their third-party complaint to add a separate cause of action for spoliation of evidence. Supreme Court denied third-party plaintiffs' motion for summary judgment and to amend their complaint, but awarded them a sanction of $5,000 in counsel fees. Both parties appeal.

The sanction imposed for the negligent spoliation of evidence lies within the sound discretion of the trial court and, absent an abuse of that discretion, generally will not be disturbed on appeal (see Bigelow v Dick's Sporting Goods, 1 AD3d 777, 777-778 [2003]; Jones v General Motors Corp., 287 AD2d 757, 759 [2001]). Following the accident, third-party defendant removed the ladder from service and placed it in one of its offices. That office later closed amid the company's financial difficulties and the contents were moved. Third-party defendant received no request for discovery until over two years after the accident and, at that time, it still was not a party to the litigation. It had, however, lost track of the ladder by then. There is no showing that third-party defendant purposefully disposed of the ladder. On this record, we discern no abuse of discretion in Supreme Court's determination that denied third-party plaintiffs' motion for summary judgment or, alternatively, leave to serve an amended complaint (see MetLife Auto & Home v Joe Basil Chevrolet, 303 AD2d 30, 37-38 [2002], affd 1 NY3d 478 [2004]).

We do, however, find merit in third-party defendant's contention that it should not have been assessed a monetary sanction. In addition to the long delay before a discovery request was made and the even longer delay before an action was com-

menced against third-party defendant, it is significant that plaintiff's principal argument in the underlying action was premised upon placement of the ladder in a wet work environment rather than specific contentions of a particular defect in the ladder (*see Gilbert v Albany Med. Ctr.,* 9 AD3d 643, 644 [2004]; *cf. Masciotta v Morse Diesel Intl.,* 303 AD2d 309, 313 [2003]). Under these circumstances, third-party plaintiffs have not shown that they were prejudiced by third-party defendant's failure to preserve the ladder nor that a particular sanction would be "necessary as a matter of elementary fairness" (*Lane v Fisher Park Lane Co.,* 276 AD2d 136, 139 [2000] [internal quotation marks omitted]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to third-party defendant, by reversing so much thereof as directed third-party defendant to pay third-party plaintiffs sanctions in the amount of $5,000; and, as so modified, affirmed.