■ CHRISTINE MAROTTA, Respondent, v MATTHEW HOY et al., Appellants. [866 NYS2d 415]—

Spain, J. Appeal from an order of the Supreme Court (Kramer,

J.), entered June 1, 2007 in Schenectady County, which, among other things, denied defendants' cross motion for leave to amend the answer.

In December 2005, plaintiff was seriously injured when a police car driven by defendant Matthew Hoy, a police officer employed by defendant City of Schenectady Police Department, collided with her vehicle. Plaintiff reportedly sustained traumatic brain injury and has no recall of the accident. Within days of the accident, plaintiff's attorney submitted a written request that both vehicles be preserved in their "immediate post-accident condition." While defendants, soon thereafter, permitted plaintiff's attorney to inspect plaintiff's vehicle, her attorney was denied access to the police vehicle which was being stored alongside her vehicle in the police station parking lot. In January 2006, a notice of claim (see General Municipal Law § 50-e) was filed on plaintiff's behalf. In late February 2006, plaintiff was charged with and pleaded not guilty to two traffic violations related to the accident (see Vehicle and Traffic Law § 1126 [a]; § 1144 [a]). Without notice to plaintiff's attorney, defendants performed their own accident reconstruction inspection of the police vehicle and then had it towed to a remote, outdoor storage site in another part of the city.[1] On March 1, 2006, her attorney and his reconstruction expert went to inspect the police vehicle at its new location, and discovered it had been vandalized; the lights and siren had been removed and wires had been cut, precluding a meaningful examination of its immediate postaccident condition. Plaintiff then brought a prelitigation proceeding in Supreme Court seeking preservation of the police vehicle and to prevent further vandalism, and a hearing was held at which the court, from the bench, ordered defendants "to preserve all evidence," to "put the vehicle inside," and to make sure it is preserved in its "present condition."

Plaintiff thereafter commenced the instant negligence action, and went to trial on the traffic violations in Schenectady City Court (Clark, J.) disputing that Hoy's sirens or lights were activated at the time of the accident. City Court issued a written decision finding plaintiff guilty of violating Vehicle and Traffic Law § 1144 (a) (operation of vehicles on approach of authorized emergency vehicles), concluding as a matter of fact that Hoy's emergency lights and sirens[2] were operating at the time of the accident and that Hoy was operating his vehicle with reasonable care under the circumstances.

---

1. The site reportedly has a locked gate, a high fence and security guards until midnight.

2. Plaintiff was found not guilty of Vehicle and Traffic Law § 1126 (a) (no passing zone).

After issue was joined, plaintiff moved to strike defendants' answer (*see* CPLR 3126) based upon the spoliation of evidence. Defendants cross-moved to amend their answer to include the affirmative defense of collateral estoppel—premised upon City Court's findings—and to dismiss the complaint on that ground. After a hearing, Supreme Court granted plaintiff's motion only to the extent of ruling that she is entitled at trial to an adverse inference charge regarding spoliation of evidence (*see* PJI 1:77). The court denied defendants' cross motion in its entirety, and they now appeal, challenging both rulings.

Initially, we reject defendants' claim that Supreme Court abused its discretion in denying their cross motion to amend their answer to assert the affirmative defense of collateral estoppel, given that it is "plainly lacking in merit"[3] (*Smith v Haggerty*, 16 AD3d 967, 968 [2005]; *see* CPLR 3025 [b]; *see also Matter of Senior Care Servs., Inc. v New York State Dept. of Health*, 46 AD3d 962, 964-965 [2007]; *Pigliavento v Tyler Equip. Corp.*, 233 AD2d 810, 810 [1996]; *cf. Bast Hatfield, Inc. v Schalmont Cent. School Dist.*, 37 AD3d 987, 988 [2007]). The essential requirements for invocation of this equitable doctrine are (1) that the party invoking the doctrine must prove that an identical issue was necessarily decided in a prior action which is decisive of the present action, and (2) that the party to be precluded must have had a full and fair opportunity to contest the prior decision said to be controlling (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

Focusing on "the realities of litigation" (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 72 [1969]), the Court of Appeals "has recognized that, in appropriate situations, an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d at 664; *see Pahl v Grenier*, 279 AD2d 882, 883 [2001]). However, the Court has also concluded that "petty infractions below the grade of a misdemeanor . . . , like traffic violations," which are noncriminal offenses (*see* Penal Law § 10.00 [6]), "are illustrative of the type of determination which, under accepted common-law principles, should not be held conclusive in later cases" (*Gilberg v Barbieri*, 53 NY2d 285, 293 [1981]; *see McGraw v Ranieri*, 202 AD2d 725,

**3.** Defendants correctly assert that they can invoke collateral estoppel despite the fact that they were not a party to the City Court proceedings against plaintiff, in that mutuality is not required (*see S.T. Grand, Inc. v City of New York*, 32 NY2d 300, 304 [1973]).

726 [1994]).[4] The Court reasoned that "[t]he brisk, often informal, way in which these matters must be tried, as well as the relative insignificance of the outcome, afford the party neither opportunity nor incentive to litigate thoroughly or as thoroughly as [the party] might if more were at stake" (*Gilberg v Barbieri*, 53 NY2d at 293).

Indeed, as Supreme Court recognized, the testimony at plaintiff's traffic violation trial was limited due to the more narrow scope of that proceeding, and the issue of spoliation of evidence was not fully litigated or decided. Thus, while a guilty plea to a traffic violation may constitute some evidence of negligence (*see e.g. McGraw v Ranieri*, 202 AD2d at 726) and the disposition of a traffic ticket may be admissible in a subsequent civil case for limited purposes (*see Martin v Clark*, 47 AD3d 981, 983 [2008]), a determination concerning a traffic violation should not be given collateral estoppel effect in a subsequent negligence action (*see Gilberg v Barbieri*, 53 NY2d at 293). Accordingly, defendants' motion to amend their complaint and to dismiss was properly denied.[5]

Turning to Supreme Court's determination that plaintiff is entitled to an adverse inference instruction as a sanction for negligent spoliation of evidence (*see* PJI 1:77), we discern no abuse of discretion (*see Allain v Les Indus. Portes Mackie, Inc.*, 16 AD3d 863, 864 [2005]; *Gilbert v Albany Med. Ctr.*, 13 AD3d 753, 754 [2004]; *Lawrence Ins. Group v KPMG Peat Marwick*, 5 AD3d 918, 920 [2004]; *Bigelow v Dick's Sporting Goods*, 1 AD3d 777 [2003]; *see also* CPLR 3126). At the hearing, it was established that defendants were notified shortly after the accident that the vehicles should be preserved in their postaccident condition and were aware of potential future litigation. The police vehicle, which was under defendants' exclusive possession and control, was stored at the police station parking lot (where plaintiff's representatives were denied access to it) until it was inspected and videotaped by a police department accident reconstructionist. It was then taken to the remote outdoor site for storage where it was vandalized sometime prior to March 1, 2006. Moreover, despite the court's verbal directive at the April 21, 2006 hearing to move the vehicle indoors and preserve it in

---

4. The Court of Appeals also interpreted Vehicle and Traffic Law § 155 to preclude giving collateral estoppel effect to traffic convictions.

5. We are unpersuaded by defendants' arguments that the Court's holding in *Gilberg* should be limited to a plaintiff's offensive use of collateral estoppel and is inapplicable, as here, to defendants' defensive efforts to use that doctrine, given that the rationale of that decision focused on the nature of the prior noncriminal proceedings, the relative insignificance of the outcome and the lack of incentive or opportunity to litigate them as thoroughly.

its then present condition, it remained outside. While the court was of the view that, under these circumstances, the drastic remedy of striking defendants' answer was not warranted, it concluded that a charge on spoliation was the appropriate remedy for the failure to properly secure the vehicle. This ruling was well within the court's discretionary purview and will not be disturbed on appeal (*see Allain v Les Indus. Portes Mackie, Inc.*, 16 AD3d at 864-865; *Gilbert v Albany Med. Ctr.*, 13 AD3d at 754; *Lawrence Ins. Group v KPMG Peat Marwick*, 5 AD3d at 920; *cf. Jones v General Motors Corp.*, 287 AD2d 757, 759-760 [2001]).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

