DORSETT–FELICELLI, INC., doing business as Pyramids and Pyramids Pre–School, Inc., Plaintiffs–Appellants,

v.

COUNTY OF CLINTON, Paula Calkins LaCombe, individually and in her official capacity as Director of County of Clinton Department of Public Health, Katherine O'Connor, North Country Kids, Inc., Stephanie Girard, Kelly McCauley and Melissa Purchalski, Defendants–Appellees.

No. 06–5017–cv.

United States Court of Appeals,
Second Circuit.

Dec. 18, 2008.

Robert M. Cohen, Ballston Lake, N.Y., for appellant.

Christopher R. Lyons, Ryan & Smallacombe, PLLC, Albany, N.Y., for appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Dorsett–Felicelli and Pyramids Pre–School ("Plaintiffs") appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*). The District Court granted the motion of Defendants–Appellees County of Clinton ("County"), Paula LaCombe ("LaCombe") and Katherine O'Connor ("O'Connor"), disposing of Plaintiffs' 42 U.S.C. § 1983 claim alleging retaliatory actions in violation of Plaintiffs' First Amendment rights. *See* Fed. R.Civ.P. Rule 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history of the case and scope of issues presented on appeal.

■ The District Court did not rule on all the claims asserted in the complaint. The District Court's various orders suggest that, even though it had preserved the issue of the transfer of Special Education Itinerant Teacher ("SEIT") hours for its consideration after its ruling on *Younger* abstention, the District Court mistakenly believed the punitive damage claims against the County and its officials were all that remained for resolution.

In its Memorandum Decision and Order dated November 16, 2004, the District Court stated that "[b]ecause all of the SEIT session hours were transferred after the filing of the state proceeding ... they are not at issue in the Article 78 proceeding.... [Accordingly] the Court will not abstain from exercising its jurisdiction with respect to the part of the complaint which addresses the SEIT hours." Mem. Decision and Order of Nov. 16, 2004, 349 F.Supp.2d 355, 362 (citation omitted). The District Court reiterated that the SEIT hours transfers claim remained before it in its Memorandum Decision and Order dated June 1, 2005, stating "[a]s the SEIT hours were transferred after the filing of the state proceeding and would not impact it, the Court ... did not abstain from exercising its jurisdiction over those claims." Mem. Decision and Order of June 1, 2005, 371 F.Supp.2d 183, 190. Notwithstanding these statements, in its Memorandum Decision and Order of September 26, 2006, the District Court indicated that it thought only the punitive damage claims remained after its abstention decision, and dismissed the complaint on that basis. Mem. Decision and Order of Sept. 26, 2006, 498 F.Supp.2d 515, 517 ("[G]iven this Court's prior decision to abstain on all but the punitive damages issue, and the Court's present decision to dismiss the claim, Plaintiffs' Complaint is hereby *dismissed.*"). Since these statements indicate that the District Court did not rule on all the claims asserted, dismissal was improper.

■ On remand, the District Court should reevaluate its analysis of the propriety of *Younger* abstention and its dismissal of the punitive damage claims against LaCombe and O'Connor in their individual capacities. Because Plaintiffs' state proceeding has long since terminated, the question of whether Plaintiffs may now raise their constitutional claim for the first time in their § 1983 suit is governed

by the law of preclusion, not abstention. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law."); *Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004) (holding that, "where ... a section 1983 action is brought by an unsuccessful Article 78 plaintiff, only issue preclusion" would prevent a federal court from hearing the claim).

■ "[C]laim preclusion generally does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter." *Colon v. Coughlin*, 58 F.3d 865, 870 n. 3 (2d Cir.1995). "Under New York law, issue preclusion occurs if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas*, 377 F.3d at 205–06 (2d Cir.2004) (internal quotation marks omitted); *see also D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 563 N.Y.S.2d 24, 564 N.E.2d 634, 636 (1990); *Marotta v. Hoy*, 55 A.D.3d 1194, 866 N.Y.S.2d 415, 417 (App.Div.2008). Because Plaintiffs' claims were dismissed by the state court on procedural grounds, issue preclusion is inapplicable and Plaintiffs may raise their constitutional claims for the first time in federal court.

Similarly, Plaintiffs' claims for declaratory and injunctive relief for the transfer of Early Intervention Program ("EIP") session hours, which Plaintiffs allege was the result of retaliatory action taken by County officials, Mem. *Decision and Order*, Nov. 16, 2004 349 F.Supp.2d at 359, 361, now present questions of claim and issue pre-

clusion and not abstention. The District Court's reassessment of the case will also require it to reevaluate its dismissal of the punitive damage claims against employees LaCombe and O'Connor.

For the foregoing reasons, the District Court's decision to abstain from deciding the EIP claims and to dismiss the Complaint is VACATED and REMANDED.