BETTY L. MERRILL, Respondent, v ELMIRA HEIGHTS CENTRAL SCHOOL DISTRICT, Appellant. [909 NYS2d 208]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered December 24, 2009 in Chemung County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for injuries she allegedly sustained when she fell while climbing the retractable bleachers in defendant's gymnasium. She testified that as she held the railing for support while turning into a row, it swayed, causing her to fall. The railings for these bleachers were removable, and they were assembled and installed only when the bleachers were fully extended. When the bleachers were retracted against the gym wall, the railings were removed, disassembled and stored.

Plaintiff's accident occurred on February 7, 2006, a notice of claim was filed in April 2006 and the action was commenced in September 2006. During an examination before trial held April 29, 2008, defendant's witness revealed that the removable railing system used at the time of the accident had been replaced by fixed, permanent railings in the fall of 2007. Nevertheless, plaintiff filed a note of issue in August 2008, certifying that all discovery was complete. When defendant thereafter moved for summary judgment dismissing the complaint, plaintiff opposed the motion in part on the ground that the bleacher's railing system had been replaced during the pendency of the action. Supreme Court, after holding the motion in abeyance and inviting a request for spoliation sanctions, precluded defendant from contesting plaintiff's description of the amount of sway in the railing and from offering proof of the condition of the railing system at the time of the accident. The court also denied defendant's motion for summary judgment. Defendant appeals.

Defendant established its prima facie entitlement to summary judgment by demonstrating that its bleachers and railings were regularly inspected, there was a minimal amount of sway in the railings that could not be completely eliminated and there had not been any complaints or prior accidents with respect to the railings. The burden then shifted to plaintiff to raise issues of fact requiring a trial (*see Ennis-Short v Ostapeck*, 68 AD3d 1399, 1400 [2009]). In addition to plaintiff's testimony as to how the accident occurred, Carol Sullivan, an employee of defendant, testified that the railings always had a sway to them of three to four inches and that it was important to ensure that they were assembled properly each time they were installed to eliminate as much sway as possible. Viewing the evidence in a light most favorable to plaintiff, there is an issue of fact as to whether defendant created a dangerous condition in its assembly of the railing on the date in question (*see Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1086 [2007]; *Bingell v County of Schuyler*, 260 AD2d 926, 927 [1999]; *Ackler v Odessa-Montour Cent. School Dist.*, 243 AD2d 902, 903 [1997]).

As for the sanction, although New York courts possess "broad discretion" to impose sanctions for the spoliation of evidence (*Ortega v City of New York*, 9 NY3d 69, 76 [2007]; *see Gotto v Eusebe-Carter*, 69 AD3d 566, 568 [2010]), and an imposition of sanctions will not be disturbed "[a]bsent a clear abuse of discretion" (*Miller v Weyerhaeuser Co.*, 3 AD3d 627, 628 [2004], *lv dismissed* 3 NY3d 701 [2004], *appeal dismissed* 5 NY3d 822 [2005]), we agree with defendant's contention that plaintiff failed to establish that she is prejudiced by the replacement of

the railings so as to warrant the sanction of preclusion (*see Minaya v Duane Reade Intl., Inc.*, 66 AD3d 402, 403 [2009]; *Dearden v Tompkins County*, 6 AD3d 783, 785 [2004]; *Kerman v Martin Friedman, C.P.A., P.C.*, 21 AD3d 997, 999 [2005]). Courts should consider the prejudice caused by the spoliation "in determining what type of sanction, if any, is warranted as a matter of fundamental fairness" (*Scarano v Bribitzer*, 56 AD3d 750, 751 [2008]). "[A] less severe sanction is appropriate where the absence of the missing evidence does not deprive the moving party of the ability to establish his or her case" (*Gotto v Eusebe-Carter*, 69 AD3d at 567-568; *see Gilbert v Albany Med. Ctr.*, 13 AD3d 753, 755 [2004]). As these railings were removed and stored when the bleachers were retracted after the accident, there was no possibility of inspecting them as they had been installed at the time of the accident. Nor did plaintiff come forward with any evidence that she sought to either preserve or inspect the railings, that she is prejudiced by having an expert witness without access to the railings, or that defendant acted in bad faith, willfully or contumaciously (*see Koehler v Midtown Athletic Club, LLP*, 55 AD3d 1444, 1445 [2008]; *Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007]). Plaintiff is able to rely on her own description of the accident and there are photographs of the railing system available. Based on these circumstances, an adverse inference charge at trial pursuant to PJI 1:77.1 is appropriate (*see Scarano v Bribitzer*, 56 AD3d at 751; *Marotta v Hoy*, 55 AD3d 1194, 1197-1198 [2008]; *Enstrom v Garden Place Hotel*, 27 AD3d 1084, 1086-1087 [2006]; *compare Cummings v Central Tractor Farm & Country*, 281 AD2d 792, 793-794 [2001], *lv dismissed* 96 NY2d 896 [2001]).

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reducing the spoliation sanction to an adverse inference charge at trial, and, as so modified, affirmed.