■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON FLORES, Appellant. [998 NYS2d 628]—

Order, Supreme Court, Bronx County (Barbara F. Newman, J.), entered on or about April 5, 2010, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated the denial of resentencing (*see e.g. People v Rodriguez*, 116 AD3d 639 [1st Dept 2014], *lv denied* 23 NY3d 1042 [2014]). Among other things, defendant absconded and remained a fugitive for many years, during which time he trafficked in drugs in various states, and engaged in such activity even while he was in federal custody. Contrary to defendant's assertion, the court expressly considered evidence of defendant's rehabilitation during his most recent period of incarceration, and concluded that it was outweighed by the factors militating against resentencing (*see People v Marte*, 44 AD3d 442 [1st Dept 2007], *lv dismissed* 9 NY3d 991 [2007]). Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.

■ ANGELINA MAIORANO, Respondent, v JPMORGAN CHASE & Co., Appellant. [998 NYS2d 629]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered July 9, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for sanctions for spoliation of a surveillance video recording, unanimously affirmed, without costs.

Plaintiff established that defendant's failure to take affirmative steps to preserve the surveillance video recorded on the day she tripped and fell in its bank constituted spoliation of evidence (*see Malouf v Equinox Holdings, Inc.*, 113 AD3d 422 [1st Dept 2014]). The record demonstrates that, although this action was not commenced until more than a year after the accident, defendant was on notice on the day of the accident that the surveillance video footage might be needed for future litigation. Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.