*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                    521828
_____

GLORIMAR ATILES et al.,
                    Appellants,

        v                                       MEMORANDUM AND ORDER

GOLUB CORPORATION et al.,
                    Respondents.
_____

Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine and Aarons, JJ.

                      _____


        E. Stewart Jones Hacker Murphy, Latham (James E. Hacker of
counsel), for appellants.

        Carter, Conboy, Blackmore, Maloney & Laird, PC, Albany
(Jonathan E. Hansen of counsel), for respondents.

                      _____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Ferreira, J.),
entered July 9, 2015 in Albany County, which, among other things,
partially denied plaintiffs' motion to compel certain discovery.

        Plaintiff Glorimar Atiles fell in one of defendants'
stores.  Atiles and her spouse, derivatively, thereafter
commenced this negligence action against defendants seeking
damages based on Atiles' injuries.  Following joinder of issue
and plaintiffs' discovery demands, defendants provided certain
video surveillance that included footage prior to, during and
after Atiles' accident, but which did not contain footage
covering the full 24-hour period after the accident, as
plaintiffs had requested.  Thereafter, plaintiffs moved, pursuant
to CPLR 3124, to compel defendants to produce, among other

evidence, video surveillance of the two hours following Atiles'
fall or, in the alternative, for Supreme Court to issue an
adverse inference charge.  Defendants cross-moved for a
protective order and to compel other discovery.  The court, among
other things, denied plaintiffs' motion to the extent that it
sought to compel production of the additional video surveillance
or, in the alternative, for an adverse inference charge and
denied defendants' cross motion.  Plaintiffs appeal.

Plaintiffs' sole contention properly before this Court is
that Supreme Court erred in denying an adverse inference charge
based on defendants' failure to produce a video of the full two-
hour period after the accident.[1]  "[T]rial courts possess broad
discretion to provide proportionate relief to a party deprived of
lost or destroyed evidence" (Pegasus Aviation I, Inc. v Varig
Logistica S.A., 26 NY3d 543, 551 [2015]; see Weiss v Bellevue
Maternity Hosp., 121 AD3d 1480, 1481 [2014]; Merrill v Elmira
Hgts. Cent. School Dist., 77 AD3d 1165, 1166 [2010]).  "A party
that seeks sanctions for spoliation of evidence must show that
the party having control over the evidence possessed an
obligation to preserve it at the time of its destruction, that
the evidence was destroyed with a 'culpable state of mind,' and
'that the destroyed evidence was relevant to the party's claim or
defense such that the trier of fact could find that the evidence

_____

[1]  To the extent that plaintiffs' briefs can be construed as
arguing that they are entitled to sanctions based on defendants'
failure to preserve the preincident video from other cameras, we
note that plaintiffs did not raise that issue in their motion
before Supreme Court.  Notably, plaintiffs limited their motion
to the issue of the "two . . . hours of surveillance video taken
after [Atiles'] accident."  Thus, defendants would have perceived
no reason to create a factual record in regard to other video
cameras, or the lack thereof, in the store.  Given that
defendants were provided with no opportunity to counter the claim
that they spoliated evidence based on the destruction of the
preincident video from other cameras, we cannot properly consider
that argument for the first time on appeal (see Albany Eng'g
Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220,
1223 [2013]).

would support that claim or defense'" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547, quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [2012] [adopting the then-federal standard of review for a motion for spoliation as set forth in Zubulake v UBS Warburg LLC (220 FRD 212, 220 [SD NY 2003] [internal quotation marks and citation omitted]). When the party seeking sanctions establishes that the evidence was "intentionally or wil[l]fully destroyed, the relevancy of the destroyed documents is presumed" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547).

Plaintiffs failed to establish a prima facie case for entitlement to sanctions. Although it is uncontested that defendants are not in possession of any video of the scene of the accident for the full two-hour period after the accident, plaintiffs failed to put forth any evidence establishing why the video was not preserved. More specifically, the record contains no evidence related to the maintenance, or lack thereof, of any video related to the security cameras and explanation for how the disputed video came to be lost or destroyed. Therefore, plaintiffs failed to prove that defendants intentionally or willfully destroyed the video while under obligation to preserve it (see id. at 554). Accordingly, and regardless of whether plaintiffs proved some lesser culpable mental state, they retained the burden of proving the relevancy of the portion of the video that they did not receive (see id. at 547-548).

Plaintiffs' sole argument as to the relevancy of the disputed footage is that "the video is relevant as there is no depiction or disclosure of who cleaned up the spill, therefore there was no opportunity to depose, question or otherwise obtain the observations of the people in the best position to testify to [the] size, consistency or appearance of the substance on the floor." Plaintiffs' contention, however, is contradicted by the video evidence that defendants provided, which depicts the scene of the fall from approximately 24 hours before the accident until approximately eight minutes after Atiles' fall. The video depicts that, after Atiles fell, two employees stooped down and proceeded to wipe the floor in the area of the accident. Thereafter, the employees who were gathered at the scene of the accident removed Atiles' cart and then dispersed, leaving the

area open to customer traffic.  The deposition testimony of the co-manager of the store on the day in question, who responded to the accident, confirmed what is apparent from the video itself — that the "spill was already cleaned up" at the point at which the disclosed video concludes.  Accordingly, no reasonable view of the evidence supports plaintiffs' contention that the video that defendants provided did not depict who cleaned up the substance on the floor or that plaintiffs were deprived of a full opportunity to depose witnesses who observed the substance upon which Atiles allegedly fell.

Further, given the cleaning efforts depicted, even if a later video depicted additional employees who arrived at or passed by the scene of the accident, those employees would not have personal knowledge about the condition of the floor at the time of Atiles' fall (compare VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d at 47 [finding that destroyed records were relevant when they were from a "vital time period" in relationship to a breach of contract dispute]; Zhi Chen v District of Columbia, 839 F Supp 2d 7, 13 [DC 2011] [destroyed security footage relevant where it would have depicted the events during the time period in which the plaintiff claimed to have been illegally searched and detained]).  As the video that defendants provided unambiguously contradicts plaintiffs' contention that later video footage would be relevant to their trial preparation,[2] we find that this evidence was not "relevant to [plaintiffs'] claim . . . such that the trier of fact could find that the evidence would support that claim" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551 [internal quotation marks and citation omitted]; cf. Stanojev v Ebasco Servs., Inc., 643 F2d 914, 923-924 [2d Cir 1981] [destroyed personal records not relevant where the records pertained to a time period unrelated to the plaintiff's claim]; Lacey v Target Corp., 2015 WL 2254968, *9, 2015 US Dist LEXIS 62643, *23-25 [ED NY, May 13, 2015, No. 13-CV-4098 (RML)]; Simoes v Target Corp.,

_____

    [2]  Plaintiffs make no argument that lost or destroyed video footage, recording a period after all facts related to the alleged tort had or had not occurred, would be admissible evidence at trial.

2013 WL 2948083, *6, 2013 US Dist LEXIS 83896, *19-21 [ED NY, June 14, 2013, No. 11-CV-2032 (DRH/WOW)]; Centrifugal Force, Inc. v Softnet Communication, Inc., 783 F Supp 2d 736, 744 [SD NY 2011]; Schwarz v FedEx Kinko's Off., 2009 WL 3459217, *10, 2009 US Dist LEXIS 100200, *24-30 [SD NY, Oct. 27, 2009, No. 08-CV-6486 (THK)]).

Rose, Devine and Aarons, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court