■ JIMMY MACIAS, Respondent, v ASAL REALTY, LLC, Appellant. [50 NYS3d 364]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered November 9, 2015, which, in this action for personal injuries sustained when plaintiff slipped and fell in defendant's building, granted plaintiff's motion to strike defendant's answer to the extent of directing that an adverse inference charge be given at trial, unanimously affirmed, without costs.

The motion court exercised its discretion in a provident manner in ordering the lesser sanction of an adverse inference charge. Defendant's principal testified that the building superintendent regularly viewed the lobby surveillance tapes, and the superintendent admitted knowing that the video automatically erased itself approximately every two weeks. This knowledge, coupled with the superintendent being at the scene of plaintiff's fall in defendant's building immediately after it occurred, was a sufficient showing that defendant's destruction of the evidence was, at a minimum, negligent (*see e.g. 320 W. 13th St., LLC v Wolf Shevack, Inc.*, 105 AD3d 586 [1st Dept 2013]). Defendant's argument that a videotape of the entranceway where plaintiff fell is not relevant to his claim, is unpersuasive (*see e.g. Gogos v Modell's Sporting Goods, Inc.*, 87 AD3d 248 [1st Dept 2011]).

We have considered the remaining arguments and find them

unavailing. Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.