Sanchez v City of New York (2020 NY Slip Op 01970)





Sanchez v City of New York


2020 NY Slip Op 01970


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11296N 300619/14

[*1]Felicidad Sanchez, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Massimo & Panetta, P.C., Mineola (Nicholas J. Massimo of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about October 1, 2018, which denied plaintiff's motion for spoliation sanctions, unanimously reversed, on the law and facts, without costs, and the motion granted to the extent of imposing an adverse inference charge.
Defendants had an obligation to preserve the pre-accident audio recordings at the time they were destroyed because the Police Department (NYPD) internal report and plaintiff's notice of claim, which attached the public police accident report, put defendants on notice that they would likely assert an emergency operation defense. Therefore, pre-accident audio communication between the dispatcher and the NYPD vehicle or officers involved in the accident should have been preserved in case it was needed for future litigation (see Maiorano v JPMorgan Chase & Co., 124 AD3d 536 [1st Dept 2015]; Malouf v Equinox Holdings, Inc., 113 AD3d 422 [1st Dept 2014]). Under the circumstances presented, the imposition of an adverse inference charge would be an appropriate sanction (see Suazo v Linden Plaza Assoc., L.P., 102 AD3d 570, 571 [1st Dept 2013]; Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term., 1 AD3d 168 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK