Bruno v Peak Resorts, Inc. (2021 NY Slip Op 00218)





Bruno v Peak Resorts, Inc.


2021 NY Slip Op 00218


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

530343

[*1]Joseph Bruno, Appellant,
v
Peak Resorts, Inc., et al., Respondents.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Steven M. Melley, PLLC, Rhinebeck (Steven M. Melley of counsel), for appellant.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Fisher, J.), entered August 30, 2019 in Greene County, which, among other things, partially granted defendants' motion for an adverse inference charge.
In March 2016, plaintiff sustained injuries while skiing at the Hunter Mountain ski area, which is owned and operated by defendants. Plaintiff commenced this action in September 2017, claiming that, among other things, defendants acted negligently by failing to post closed notices on certain ski trails. Following joinder of issue, the parties engaged in discovery; as pertinent here, plaintiff's responses to defendants' discovery demands, including answers during the examination before trial, denied that plaintiff had made any social media postings about the accident. Later, defendants moved for dismissal on the grounds of spoliation of evidence (see CPLR 3126), claiming that, in the months following his accident, plaintiff posted a comment to a blog entry about trail conditions at Hunter Mountain on the date of his injuries and later deleted the comment. Plaintiff opposed the motion, and attached copies of comments, photos and posts that he had made on his Facebook page discussing his accident, injuries and activities since the accident. Supreme Court granted defendants' motion, finding that plaintiff had failed to provide "accurate representations" of his online posts, and imposed an adverse inference charge against plaintiff at trial, which plaintiff may purge by recovering the deleted comment. Plaintiff appeals.
Courts may "impose sanctions under CPLR 3126 when a party intentionally, contumaciously or in bad faith fails to comply with a discovery order or destroys evidence prior to an adversary's inspection" and, in appropriate circumstances, when "a litigant negligently disposes of crucial items of evidence before the opposing party has had an opportunity to view them" (Hartford Fire Ins. Co. v Regenerative Bldg. Constr., 271 AD2d 862, 863 [2000] [internal quotation marks and citations omitted]). In seeking sanctions for spoliation of evidence, the moving party must "demonstrate[e] that [the nonmoving party] possessed an obligation to preserve the evidence at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the [moving] party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (LaBuda v LaBuda, 175 AD3d 39, 41 [2019] [internal quotation marks, brackets and citations omitted]; see Gitman v Martinez, 169 AD3d 1283, 1286 [2019]). In fashioning its sanction, the court "will look to the extent that the spoliation of evidence may prejudice a party and whether dismissal will be necessary as a matter of elementary fairness" (Miller v Weyerhaeuser Co., 3 AD3d 627, 628 [2004] [internal quotation marks and citations omitted], lv dismissed 3 NY3d 701 [2004]; see LaBuda v LaBuda, 175 AD3d at 42). "The [*2]decision to impose sanctions for the spoliation of evidence is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion" (State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1295 [2012] [citations omitted], lv denied 20 NY3d 858 [2013]; see Ortega v City of New York, 9 NY3d 69, 76 [2007]).
Here, defendants supported the motion by submitting screenshots of an online blog entry written by a third party about Hunter Mountain that discussed the conditions of the trail where plaintiff was injured on the date of his accident. These screenshots indicated that plaintiff had posted a comment on this entry several months after the accident, but later deleted the comment. Defendants further submitted the affidavit of their insurance adjuster, averring that, at the time plaintiff posted and deleted this comment, he was represented by counsel. Witnesses averred in deposition testimony that, immediately following the accident, plaintiff admitted that he was aware that the ski trail where he was injured was closed. During his own examination before trial, plaintiff denied that he had made "any comments on any [online] site of any kind, with regard to this accident," and further denied "delet[ing] any information from any social media posting of any kind." Upon specific inquiry as to the Hunter Mountain blog, plaintiff stated that he was "[v]aguely" familiar with that blog, but "[did not] believe" that he had posted or deleted comments on the blog.
In opposition to defendants' motion to dismiss, plaintiff claimed that he had remembered the comment he made on the blog entry only after his examination before trial. He averred that he had asked whether the trail on which he sustained his injuries was open or closed on the day of his accident, and had later deleted the comment because he had not received a response to his inquiry, but that he had not intended to destroy or hide evidence. Plaintiff also produced 12 Facebook posts and comments pertaining to his injuries, which included photos of an X ray, his bandaged hand and comments on his health and activities following the accident. This production contradicted his earlier responses to defendants' demands for social media discovery (see CPLR 3101, 3120), in which plaintiff had acknowledged possessing a Facebook account, but denied making posts or posting photos relative to his accident, injuries or activities since the accident.
Turning first to plaintiff's obligation to preserve the deleted comment on the Hunter Mountain blog, the record reveals that, at the time he made and deleted the comment — actions that he now admits to undertaking — he had retained counsel. Thus, although he was not yet a party, plaintiff was on notice that the comment might be needed for future litigation (see Gitman v Martinez, 169 AD3d at 1286-1287; Simoneit v Mark Cerrone, Inc., 122 AD3d 1246, 1247-1248 [2014]). Although plaintiff claimed that [*3]he did not intend to destroy or hide evidence, a culpable state of mind is suggested by his denials that he posted or deleted comments from the blog entry, despite defendants' pointed questions during the examination for trial, followed by his belated memory — which only arose after threat of dismissal — of both the content of the comment and his reasons for its deletion. As for relevance, Supreme Court found that plaintiff acted negligently in deleting the blog comment; thus, defendants were required to demonstrate its relevance (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547-548 [2015]; see also Atiles v Golub Corp., 141 AD3d 1055, 1056 [2016]).[FN1] As plaintiff acknowledges that the deleted comment concerned whether the ski trail where he sustained his injuries was open or closed on the day of his accident, its subject matter went directly to defendants' defenses. Thus, "the trier of fact could find that the evidence would support [the defenses]" (LaBuda v LaBuda, 175 AD3d at 41). Accordingly, Supreme Court did not err in concluding that sanctions were warranted (see Cummings v Central Tractor Farm & Country, 281 AD2d 792, 794 [2001], lv dismissed 96 NY2d 896 [2001]).[FN2]
Turning to the imposition of the adverse inference charge, the record does not indicate that the deleted blog comment is so "critical to the core issue in this action" or that it "is so crucial to defendant[s'] case that dismissal is required as a matter of fundamental fairness" (LaBuda v LaBuda, 175 AD3d at 43 [internal quotation marks, brackets and citations omitted; emphasis added]). We are unpersuaded by plaintiff's contention that the adverse inference charge will produce the same effect as a grant of summary judgment in defendants' favor. Notably, Supreme Court expressly directed that the charge "will be tailored at the time of pretrial conference as the [c]ourt deems it appropriate," and also expressly provided plaintiff with the opportunity to avoid the adverse inference charge by producing the deleted comment.[FN3] In light of plaintiff's lack of candor throughout the discovery process, as detailed above, we find no abuse of discretion in the imposition of an adverse inference charge (see Gitman v Martinez, 169 AD3d at 1287; Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d 1165, 1167 [2010]).
Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The relevance of intentionally or willfully destroyed evidence is presumed (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548).

Footnote 2: Plaintiff further avers that the comment was not destroyed, as the insurance adjuster viewed the comment prior to its deletion but failed to record it. We agree with Supreme Court that this assertion is not supported by the record.

Footnote 3: It appears from his submissions that plaintiff may be able to retrieve the comment. He asserted to Supreme Court that defendants' counsel had advised him that the deleted comment was retrievable, and that defendants' counsel had received instructions on how to retrieve the comment through the third-party author of the blog. We note that the burden of compliance and production remains upon plaintiff, despite the fact that defendants allegedly received these instructions as to how the deleted comment may be retrieved (see generally CPLR 3101 [a] [1]).