Parkis v City of Schenectady (2022 NY Slip Op 07489)

Parkis v City of Schenectady

2022 NY Slip Op 07489

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

534177
[*1]Valerie Parkis, Respondent,
v
City of Schenectady, Defendant, and Schenectady Municipal Housing Authority, Appellant.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Liguori & Houston, PLLC, Albany (John W. Liguori of counsel), for appellant.
Ellis Law, PC, Poughkeepsie (Kara L. Campbell of Finkelstein & Partners, LLP, Newburgh, of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered September 20, 2021 in Schenectady County, which partially granted plaintiff's motion to, among other things, preclude defendant Schenectady Municipal Housing Authority from presenting certain evidence at trial.
On January 16, 2018, plaintiff slipped and fell on a sidewalk on property owned by defendant Schenectady Municipal Housing Authority (hereinafter defendant) in the City of Schenectady. Plaintiff lost consciousness and was transported by ambulance to the hospital, whereupon she was ultimately found to have sustained a traumatic brain injury. Thereafter, plaintiff commenced this negligence action seeking damages for pain and suffering, medical expenses and lost wages.
Following joinder of issue, discovery was undertaken, during which plaintiff repeatedly asked defendant to furnish surveillance video footage from the accident scene. Although defendant provided still photographs that were captured from a surveillance video, defendant did not produce the video itself, leading plaintiff to file a motion to compel production of the video. After oral argument on the motion to compel, at which defense counsel confirmed that the video no longer existed, Supreme Court denied the motion without prejudice to seek further relief, "such as, perhaps, an adverse inference or what have you." Plaintiff subsequently filed a note of issue, followed by a motion pursuant to CPLR 3126 to strike defendant's answer as a sanction for its spoliation of the video. Supreme Court determined that the striking of defendant's answer was not warranted, but did order that defendant would be precluded from offering trial testimony about the missing video and further indicated that it would give an adverse inference instruction at the time of trial. Defendant appeals.
Preliminarily, the fact that plaintiff moved for spoliation sanctions post-note of issue did not, as defendant asserts, render the motion untimely. While it is generally true that the filing of the note of issue and certificate of readiness precludes a party from thereafter utilizing the disclosure devices set forth in CPLR article 31 (see 22 NYCRR § 202.21 [d]; Martinez v New York City Tr. Auth., 203 AD3d 87, 93 [1st Dept 2022]; Erena v Colavita Pasta & Olive Oil Corp., 199 AD2d 729, 730 [3d Dept 1993], lv dismissed 83 NY2d 847 [1994]), plaintiff's motion for sanctions was permissible, "since the relief sought was not in the nature of disclosure" (Magee v City of New York, 242 AD2d 239, 240 [1st Dept 1997]; see e.g. Merrill v Elmira Hgts. Cent. School Dist., 77 AD3d 1165, 1167 [3d Dept 2010]).
As for the merits of plaintiff's motion, Supreme Court did not err in finding that sanctions were warranted (see Bruno v Peak Resorts, Inc., 190 AD3d 1132, 1136 [3d Dept 2021]; Delmur, Inc. v School Constr. Auth., 174 AD3d 784, 787 [2d Dept 2019]). "A party that seeks sanctions for spoliation of evidence must show that the party having control [*2]over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks and citations omitted]; accord Atiles v Golub Corp., 141 AD3d 1055, 1056 [3d Dept 2016]).
Turning first to the obligation to preserve evidence, "[o]nce a party reasonably anticipates litigation, it must, at a minimum, institute an appropriate litigation hold to prevent the routine destruction of electronic data" by, among other things, "direct[ing] appropriate employees to preserve all relevant records" (VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 41 [1st Dept 2012]; see Bruno v Peak Resorts, Inc., 190 AD3d at 1135; Gitman v Martinez, 169 AD3d 1283, 1287 [3d Dept 2019]). Here, one of defendant's employees testified in a deposition that footage from the property's surveillance cameras was typically stored for approximately 8-12 days before it was automatically overwritten, but defendant had an expectation that, when an incident occurred on the property, corresponding surveillance footage would be preserved. The record reflects that within a day of plaintiff's accident, three of defendant's employees were aware of it and viewed portions of the video surveillance footage, an incident report was prepared, an employee was directed to preserve the video, and defendant notified its insurance carrier of the incident. This evidence amply demonstrates that defendant was obliged to preserve the video for litigation (see Maiorano v JPMorgan Chase & Co., 124 AD3d 536, 536 [1st Dept 2015]).
With respect to whether the video was destroyed with a culpable state of mind, as noted, defendant's employees were aware of the accident within a day of its occurrence as well as the need to preserve the video, yet inexplicably failed to do so. Defendant did not account for how or why photographic stills were taken from the video, yet the video itself was then destroyed. As such, "defendant's destruction of the evidence was, at a minimum, negligent" (Macias v ASAL Realty, LLC, 148 AD3d 622, 622 [1st Dept 2017]; see Oppenheimer v City of New York, 193 AD3d 957, 958 [2d Dept 2021]; Maiorano v JPMorgan Chase & Co., 124 AD3d at 536).
Regarding the relevance of the video to plaintiff's case, plaintiff testified during her deposition that she has little to no recollection of the events leading to her fall. With that in mind, we note that the photographic stills by themselves do not depict how or why plaintiff fell, nor do they shed any light on defendant's position that salt was applied to the area of the accident twice on the morning in question. The video, on the other hand, likely would be probative of these issues.
We further find that [*3]the sanctions levied by Supreme Court were proper. "[T]he factors to be considered in determining the appropriate sanctions . . . are the extent that the spoliation of evidence may prejudice a party and whether a dismissal will be necessary as a matter of elementary fairness" (LaBuda v LaBuda, 175 AD3d 39, 42 [3d Dept 2019] [internal quotation marks and citation omitted]; see Bruno v Peak Resorts, Inc., 190 AD3d at 1134). A court's determination as to what sanctions, if any, are to be imposed will not be disturbed in the absence of a clear abuse of discretion (see Atiles v Golub Corp., 141 AD3d at 1055-1056; Weiss v Bellevue Maternity Hosp., 121 AD3d 1480, 1481 [3d Dept 2014]; Marotta v Hoy, 55 AD3d 1194, 1197 [3d Dept 2008]). Here, recognizing that the loss of the video did not completely deprive plaintiff of the ability to present her case, it is our view that the court providently exercised its discretion in declining to strike defendant's answer and instead imposing alternative sanctions (see Bruno v Peak Resorts, Inc., 190 AD3d at 1136; Gitman v Martinez, 169 AD3d at 1287; Peters v Hernandez, 142 AD3d 980, 981 [2d Dept 2016]; Allain v Les Indus. Portes Mackie, Inc., 16 AD3d 863, 865 [3d Dept 2005]). Contrary to defendant's contention, "adverse inference charges have been found to be appropriate even in situations where the evidence has been found to have been negligently destroyed . . ., since such a charge is permissive and can be appropriately tailored by the trial court" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 554; see e.g. Gitman v Martinez, 169 AD3d at 1286-1287; Marotta v Hoy, 55 AD3d at 1197; Allain v Les Indus. Portes Mackie, Inc., 16 AD3d at 864-865).
Lynch, J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.