Mangual v New Life Sch. (2026 NY Slip Op 00425)

Mangual v New Life Sch.

2026 NY Slip Op 00425

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 815922/22|Appeal No. 5713|Case No. 2025-03915|

[*1]Solmari Mangual et al., Plaintiffs-Respondents,
vNew Life School et al., Defendants-Appellants, Tenia Hendrickson, Defendant.

Rutherford & Christie, LLP, New York (Cassidy M. Brillhart of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondents.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about June 4, 2025, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for discovery sanctions to the extent of issuing an adverse inference charge and preclusion order with respect to the contents of missing surveillance footage and nurse's notes, unanimously affirmed, without costs.
The motion court providently exercised its discretion by issuing an adverse inference charge at trial "instructing the jury that the missing surveillance footage and nurse's notes would have been unfavorable" to defendants and precluding defendants from "offering any testimony or argument disputing the contents of the missing surveillance footage and nurse's report." Defendants were on notice as of the date of the incident that these items might be needed for future litigation but failed to take affirmative steps to preserve them (see generally CPLR 3126; see also Ellis v JPMorgan Chase Bank, 190 AD3d 413, 414 [1st Dept 2021]; Macias v ASAL Realty, LLC, 148 AD3d 622, 622 [1st Dept 2017]; Maiorano v JPMorgan Chase & Co., 124 AD3d 536, 536 [1st Dept 2015]).
Plaintiff mother testified that she watched the surveillance footage with defendants' employees on the date of the incident. Defendants' witness did not rebut this testimony and affirmed that there were surveillance cameras in the subject hallway, although the witness could not recall if the surveillance cameras were installed before or after the incident. Plaintiffs allege that the incident at issue was not solely confined to the classroom (which did not have surveillance cameras) but continued in a chase down the hallway which contained surveillance cameras. That allegation was indirectly corroborated by the written contemporaneous statement of a student witness. Moreover, defendants' representative admitted that "they would have been talking at some point in the hall," which "would have been on the camera." Taken together, these factors were sufficient to support the motion court's conclusion that relevant surveillance footage existed.
It is also undisputed that plaintiff student was treated by the school nurse immediately after the incident, and defendants' witness admitted that the nurse "would have documented that she treated her wound." The motion court's conclusion that relevant nursing notes existed was thus also supported by the evidence.
The occurrence of the incident, which was serious enough to prompt the school to call the police to investigate, was sufficient to put defendants on notice of their obligation to preserve relevant evidence. That plaintiffs did not send a formal document preservation notice or initiate litigation until more than two years after the alleged incident is immaterial. Contrary to defendants' suggestion, it was their responsibility, and not that of the police, to preserve relevant evidence.
The motion court also providently considered the availability of alternate sources of information about the incident in declining to award the more drastic sanction of striking defendants' answer.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026